**Leonard Glenn TAYLOR, Appellant,**

v.

**The STATE OF Texas, Appellee.**

**No. 69259.**

Court of Criminal Appeals of Texas, En Banc.

April 4, 1984.

John W. Kennedy, Abilene, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order of a district court denying bail under the provisions of Article I, § 11a of the Texas Constitution. See *Beck v. State,* 648 S.W.2d 7 (Tex.Cr.App.1983); *Ex parte Davis,* 574 S.W.2d 166 (Tex.Cr.App.1978).

Said § 11a provides as follows:

"Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, or (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above or of the offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused; provided, however, that if the accused is not accorded a trial upon the accusation under (1) or (3) above or the accusation and indictment used under (2) above within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

In the instant case the State filed a motion to deny the appellant bail in the 104th District Court of Taylor County. The motion alleged that in 1970 appellant had been convicted of burglary in Taylor County, and that after the burglary conviction had become final the appellant had committed and been convicted of forgery in Taylor County in 1979. The motion also alleged:

"After both aforementioned offenses had become final against him this Defendant has been charged with the commission of another felony offense, to wit: Burglary of a Building currently pending in the Justice Court, Precinct 1, Place 2, of Taylor County, Texas in cause # 6686."

There was no further allegation as to the currently pending "offense." There was no allegation as to the date of the offense, owner of the building, etc., for the purpose of identification of the offense.

On February 15, 1984, the judge of the 104th District Court conducted a hearing on the State's motion. The State called two witnesses as to the two prior felony convictions alleged. Thereafter, Michael James Wood, a pharmacist, testified his business, Drug Stop Pharmacy, was located at 2155 Pine in Abilene. At 6 p.m. on February 9, 1984, he locked and secured the building. At about 2:15 a.m. on February 10, 1984, he was called by the Abilene Burglar Alarm, and went to his business, and found a window broken out. Some drugs and about $150.00 were missing.

Abilene City Police Officer Flynn Gideon testified that while on patrol about 2:19 a.m. on February 10, 1984 he received "a call" and went immediately to the Drug Stop Pharmacy. There he discovered a window broken out. While awaiting the arrival of other police units and while watching the building, he saw a suspect crawl out of the broken window and run. Officer Gideon apprehended the suspect at a fence and recovered drugs and $149.00 in cash. He identified the appellant as the man he apprehended. There was no further evidence of arrest, incarceration, filing of accusation or charges, etc., or evidence of any other offense.

At the close of the hearing on the State's motion, the appellant's counsel stated, inter alia:

"Additionally, we would urge the court to deny the district attorney's motion for the third reason that there has been no showing that this man has been charged with burglary of a building currently pending in Justice Court, Precinct 1, Place 2, of Taylor County, Texas, Cause No. 6686. There is no evidence we've heard in court that this man is charged with that particular offense; no documentary evidence was introduced to show that he's charged with a particular one, only some testimony from some witnesses who came in that testified that this man was in a particular location at a particular time."

After such argument the State did not ask to reopen its case or amend its motion. The court found that appellant had been twice previously convicted as alleged, and in its order also stated:

"The Court finds that the defendant was incarcerated on the instant offense on February 10, 1984, and that this hearing and order is within seven days from said date of first incarceration."

Bail was denied for a period of 60 days from February 10, 1984.

The appellant gave notice of appeal to the Court of Criminal Appeals. The record is here without benefit of a brief on behalf of the State.

Appellant, inter alia, complains on appeal that the court erred in granting the State's motion because the State failed to prove that he was currently charged with the commission of a non-capital felony, as alleged in the State's motion to deny bail which invoked the jurisdiction of the district court under Article I, § 11–a, Texas Constitution.

■ The general rule favors the allowance of bail. *Ex parte Davis*, 574 S.W.2d 166, 168 (Tex.Cr.App.1978); *Ex parte Hill*, 83 Tex.Cr.R. 146, 201 S.W. 996 (1918); *Ex parte Stephenson*, 71 Tex.Cr.R. 380, 160 S.W. 77 (1913); *Ex parte Newman*, 38 Tex. Cr.R. 164, 41 S.W. 628 (1897). Presumptions are thus not to be indulged against a defendant in a criminal case, and the power to deny or require bail will not be used as an instrument of oppression. See 7 Tex. Jur.2d, Rev., Part 2, Bail and Recognizance, § 9, p. 605; *Ex parte Stephenson*, supra.

Article I, § 11 of the Texas Constitution provides all prisoners shall be bailable by sufficient sureties "unless for capital offenses, when the proof is evident."

In addition to the built in exception to the right to bail in said Article I, § 11, there are other exceptions as we have seen in Article I, § 11–a of the State Constitution.

These latter exceptions to the constitutional right to bail include the seeds of preventive detention urged by many to be abhorrent to the American system of justice. It is obvious that for these reasons the provisions of said Article I, § 11–a, contain strict limitations and other safeguards. See *Ex parte Davis,* supra.

█ Where the State seeks to have bail denied under the provisions of said § 11–a, the burden of proof is on the State to show that the strict limitations and safeguards have been complied with.

█ It is clear from what has been said that the State failed to prove that appellant had been charged with burglary of a building in Cause No. 6686 in justice court as alleged in its motion, and that it had been seven (7) days or less since his incarceration in said cause. In fact, there was no evidence at all as to said Cause No. 6686. It is true that the State offered proof as to the burglary of a pharmacy, and the fact that appellant was seen exiting the building and was apprehended. There was no showing, however, that any accusation, charge or complaint was ever filed or that appellant was incarcerated as a result thereof. Even if it could be argued that the court on its own, independent of the State's motion, had the authority to deny bail in the burglary of the pharmacy, it is observed there was no accusation so as to invoke the provisions of § 11–a. There was no evidence to support the district court's order as to incarceration, etc. And we cannot indulge in presumptions against the appellant.

We need not consider appellant's other contentions as to the invalidity of the order.

The order denying bail is set aside.