**Leonard Glenn TAYLOR aka Leonard Glynn Fitzgerald, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69305.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1984.

John W. Kennedy, Abilene, for appellant.

Jorge A. Solis, Dist. Atty. and James M. Eidson, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an appeal from an order denying bail pursuant to Article I, § 11a of the Constitution of the State of Texas. Appellant was arrested on June 3, 1984 and charged with the offense of burglary of a building. On June 4, 1984 the State filed a motion to hold appellant without bail, alleging that at the time of the commission of said offense appellant was already on bond for a prior felony, to wit: burglary of a building, committed on February 10, 1984, for which he was currently under indictment. A hearing was conducted on June 7, 1984, after which the district court ordered that appellant's "bond" be denied. Notice of appeal was filed June 15.

Article I, § 11a. *supra,* provides that a defendant who has been denied bail under its terms must be accorded a trial upon the accusation and the pending indictment within sixty days from the time of his incarceration upon the accusation. Failure to comply with this provision will result in the order denying bail being automatically set aside. The sixty day period has expired. There is nothing in the record before us to indicate that a continuance has been obtained upon either the accusation or the pending indictment upon the motion or request of the accused. We must therefore assume either that appellant has been accorded a trial on both the prior indictment and the subsequent accusation or, the sixty days having run, that the order denying bail has been automatically set aside. Either way, the issue is now moot and the appeal must be dismissed.[1]

It is so ordered.

---

1. We have reviewed the statement of facts of the hearing of June 7, nevertheless and, but for our disposition of this appeal on the ground of mootness, would be inclined to conclude that the state satisfied its burden to make a "substantial showing" of the guilt of appellant in the offense committed on June 3, while appellant was under indictment and on bail for a prior felony. Had we reached this question, we would have been constrained to uphold the order of the district court denying bail.