Judy Wilson THAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 69662.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 10, 1986.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Betty Stanton, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appeal was taken from an order denying bail under the provisions of Article I, Section 11a of the Texas Constitution. See, *Beck v. State*, 648 S.W.2d 7 (Tex.Cr.App. 1983); *Clapp v. State*, 639 S.W.2d 949 (Tex.Cr.App.1982); *Ex parte Davis*, 574 S.W.2d 166 (Tex.Cr.App.1978).

The record reflects that on October 2, 1986, the State filed a motion to deny appellant bond pursuant to the provisions of Article I, Section 11a(2). The motion alleged that appellant was arrested on October 1, 1986, on the strength of a felony complaint accusing appellant of the offense of aggravated possession of a controlled substance (amphetamine), the offense allegedly occurring on or about September 30, 1986. The motion further alleged that at the time of appellant's arrest on the instant charge, she was under indictment in five other cases, four for possession of a controlled substance and one for burglary of a habitation.

A hearing was set on the motion for October 6, 1986. At defense counsel's request, a continuance was granted until Oc-

tober 9, 1986. *Bevers v. State,* 645 S.W.2d 308 (Tex.Cr.App.1983). At the conclusion of the hearing on that day, the court ordered appellant held without bail for the offense allegedly committed on September 30.

Appellant contends that the trial court erred in granting the State's motion to deny bail. In two grounds she argues first, that the evidence is insufficient to substantially show appellant is guilty of the offense allegedly committed while on bail, and second, that the State failed to prove their evidence against appellant is not the tainted product of an illegal search and seizure.

Article I, Section 11a, supra, provides, in part:

"Any person ... accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing, and upon evidence substantially showing the guilt of the accused of the offense ... committed while on bail ..., may be denied bail pending trial by a district judge in this State...."

■ The burden of proof in a proceeding seeking to deny bail under Article I, Section 11a, supra, is a "substantial showing" of the guilt of the accused rather than a showing that the accused is guilty "beyond a reasonable doubt." *Lee v. State,* 683 S.W.2d 8 (Tex.Cr.App.1985); *Ex parte Moore,* 594 S.W.2d 449 (Tex.Cr.App.1980). In meeting its burden, the State must show compliance with the "strict limitations and safeguards" of that constitutional provision. *Taylor v. State,* 667 S.W.2d 149 (Tex. Cr.App.1984).

■ Since there is no question raised as to the procedural requirements being met in the case, we turn directly to the issue whether the State made a substantial showing of guilt.

The record reflects that at the time she was accused and arrested on the instant charge appellant was already under indictment and out on bond in five other cases. Testimony at the hearing on the State's motion showed that appellant was a passenger in the car in which the controlled substance was found. The substance was found in a closed case which also contained an accident report form in appellant's name and a set of scales with appellant's driver's license number on them. A field test proved positive that the substance was amphetamine.

There was no evidence that the case or drug belonged to any other person in the car or that the substance was obtained pursuant to a valid prescription or order so as to excuse appellant's alleged possession of the substance. To the contrary, the State here provided the district court with a strong nexus between appellant and the contraband seized. Compare *Lee v. State,* supra.

Given the facts of this case, and in accordance with the policy of this Court to refrain from stating facts at length and of expressing a conclusion as to the sufficiency of evidence to show guilt in Sections 11 and 11a, proceedings, see, *Moore v. State,* supra; see also, *Ex parte Forbes,* 474 S.W.2d 690 (Tex.Cr.App.1972); *Ex parte Paul,* 420 S.W.2d 956 (Tex.Cr.App.1967), we conclude that the State sustained its burden of proof substantially showing appellant to be guilty of the offense charged as required by Article I, Section 11a(2), Texas Constitution. Appellant's first ground of error is overruled.

■ In her second ground of error, appellant argues the State failed to prove that the contraband and other evidence connecting appellant with the crime was the product of a valid search. By implication appellant is asking this Court to increase the burden to which the State is to be held in bail denial cases. We decline to do so. The test is whether the State has substantially shown the guilt of the accused so that the accused may be held without bond pursuant to the Constitution. At this preliminary, pretrial stage of proceedings, the question is not whether evidence is admissible or inadmissible, sufficient or insufficient, as a matter of law to convict an accused, but whether, given the evidence

the State has in its possession, there is a substantial showing of guilt.[1] Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.

TEAGUE, J., concurs in the result.

---

1. We are cognizant that the lawfulness of the search was discussed in *Clapp v. State*, supra, where this Court ultimately found that the defendant lacked standing to contest the validity of the search. We decline to reach the merits of the search question for the reason that the lawfulness of a search and seizure of evidence therefrom is not at issue at this stage of the proceedings. By constitutional mandate a hearing must be held and an order entered within seven days of the arrest of an accused. An order denying bail must be supported by a "substantial showing" of guilt. To also require that the bail denial hearing include a determination of collateral issues would go beyond the apparent scope of Article I, Section 11a and could likely overburden the parties with respect to the time constraints under which they are required to work. To the extent that *Clapp*, supra, implies a greater burden by requiring the State to prove the validity of a search and the admissibility of any evidence seized pursuant to such a search, it is overruled.