Richard L. Ray, John A. Sickel, Canton, for appellant.

Robert T. Cornelius, Dist. Atty., and Jeffie J. Massey, Asst. Dist. Atty., Canton, Robert Huttash, State's Atty., Austin, for the State.

**Ronald Mark HOLLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 70955.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 20, 1989.

OPINION

PER CURIAM.

This is an appeal from an order denying bail pursuant to Article I, Sec. 11a of the Constitution of the State of Texas. On September 6, 1989, appellant was arrested for murder. A week later, the district court judge convened a hearing at the State's request, after which the district court denied bail. Appellant filed a writ of

habeas corpus in the district court on September 20. The district judge denied relief on October 4, and appellant filed notice of appeal the next day.

Article I, Sec. 11a supra, mandates that "if the accused is not accorded a trial upon the accusation ... within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused...." The sixty day period has expired. Because there is nothing to indicate that any continuance has been obtained, we therefore assume that the order denying bail has been automatically set aside as the Constitution requires. Thus the issue is now moot and the appeal must be dismissed. See *Taylor v. State*, 676 S.W.2d 135 (Tex.Cr.App.1984).*

It is so ordered.

CLINTON, Judge, concurring.

Although the expiration of the sixty-day period undoubtedly moots the issues raised by appellant, appellant has raised potentially troubling problems that are likely to recur.

Appellant asserted below at the outset and continues to complain that the district judge did not have jurisdiction to deny bail because "there are no written pleadings on file in this case to invoke the jurisdiction of the Court."

Article I, § 11a grants a district judge jurisdiction, power and authority to deny bail, *inter alia:*

"Any person (1) *accused* of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor ... after a hearing, and upon evidence substantially showing the guilt

of the *accused* of the offense ... may be denied bail pending trial, by *a district judge* of this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of the incarceration of the *accused;* provided, however, that if the *accused* is not accorded a trial *upon the accusation* ... within sixty (60) days from the time of his incarceration *upon the accusation,* the order denying bail shall be automatically set aside...." (emphasis added here and throughout by this writer unless otherwise noted).

The Constitution speaks in terms of "accused" and "accusation," not "pleadings."[1] That one must be "accused" of a felony by "accusation" is the prerequisite for a district judge to decide whether to grant or deny bail. When the original amendment was proposed in 1955 and adopted in 1956, the term "accused" referred to "any person who, in a legal manner, is held to answer for an offense, at any stage of the proceeding, or against whom complaint in a lawful manner is made charging an offense, including all proceedings from the order for arrest to the final execution of the law." See former article 23, Penal Code 1925. The Court has said that one "is not 'accused' until charged with an offense." *Brown v. State*, 55 Tex.Cr.R. 572, 575, 118 S.W. 139, 144 (1909). An "accusation" was used in the same sense as "criminal action," which means "the whole or any part of the procedure which the law provides from bringing offenders to justice[.]" See former article 24, Penal Code 1925. In *Brennan v. State*, 44 Tex.Cr.R. 399, 401, 72 S.W. 184, 185 (1903), the Court observed that article 240 of the 1895 penal code defined "accusation" as "a charge made in a lawful manner against any person, that he has been guilty of some offense, which subjects him to prosecution in the name of the state," and further provided that one is

---

* Because § 11a prescribes an exclusive proceeding for entering an order denying bail for a period of at least sixty days, purported appeal from denial of petition for writ of habeas corpus challenging the prior sufficiency finding and seeking to rescind that order is likewise moot.

1. Only one "accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted," Art. I., § 11a (2), may be held to answer an "accusation *and indictment*" before a district judge may deny bail.

"said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him," including "legal arrest without warrant; a complaint to a magistrate; a warrant legally issued; and indictment, or an information[.]" See generally *Childers v. State*, 30 Tex.App. 160, 16 S.W. 903 (1891). As a pure matter of jurisdiction, then, "accusation" under Article I, Section 11a, appears to require at least arrest and incarceration of a person "accused" of a felony who may be classified according to item (1), (2) or (3) thereof.

However, "jurisdiction" must be invoked, and as this Court pointed out in *Taylor v. State*, 667 S.W.2d 149 (Tex.Cr.App.1984), there was no showing "that any accusation, charge or complaint was ever *filed* or that appellant was incarcerated as a result thereof ... so as to invoke the provisions of § 11a." *Id.*, at 152. This record presents a similar situation.[2]

Therefore, were the matter not moot, as in *Taylor v. State*, supra, we might be constrained to set aside the order denying bail. Although there were no written pleadings, the judge did permit the State to plead orally, and for present purposes we may assume, without deciding, that pleading served to invoke the authority of the district judge under § 11a.[3]

Still, the State did not show that any accusation, charge or complaint was ever *filed*, so the question remains whether there was any showing that appellant was "incarcerted as a result thereof." *Taylor*, supra, at 152. The State did present testimony of a deputy sheriff that as result of his investigation, including fruits of the evidentiary search warrant, on September 6 he swore out an affidavit and obtained from another magistrate an arrest warrant for murder and executed it by arresting appellant and having him incarcerated in the Van Zandt County jail. But the State did not offer any documentary evidence.

In sum, this record is rife with prospective issues worthy of resolution that adherence to the mootness doctrine precludes this Court from addressing. This matter

2. Appellant claimed lack of "pleadings" was based on his assertions that there was not "any motion or any application that the State has filed before the Court to proceed on," thus "nothing here before the Court at this time to rule on;" he explained, *viz:*

"We don't know under what Article or what Section of 11(a) that the State is claiming to proceed on, and we don't believe that the Court has even got jurisdiction to hear this matter until there has been some written motions filed by the State. * * * *"

The State answered that there is no authority to support that contention, that jurisdiction "is exclusively placed in [this] Court," and "that is why the State is here this morning upon notice to the Defendant and his appointed counsel ... to proceed within the statutory constitutional time limits." The judge then invited counsel for the State to make a oral motion "to request the Court to take specific action," and the State accepted, *viz:*

"The State at this time formally moves that the Court hold a hearing pursuant to Article 1, Section 11(a) ..., and we ask the Court to take notice that in this application the Defendant has been arrested on a murder warrant, and pursuant to that warrant he has been held since his arrest, which has been within seven days. And in the *arrest warrant* affidavit and the warrant that was issued it was alleged that this Defendant has at least two prior felony convictions, thereby invoking the sub-section

little 1 of Section 11(a) of Article 1 of the Texas Constitution."

To which the judge said the Court "will take judicial notice in Cause No. 89-1-SW there is on file in this Court an original affidavit in support of an *evidentiary search warrant.*" Over restated objections to "preserve my record" the judge directed the State to proceed.

The statement of facts before us is identified as "No. AW-89-153-3." While the State presented evidence "substantially showing the guilt of the accused" of the "accusation," it did not produce any written "accusation" at the bail hearing, and the transcript does not include "an original affidavit in support of an evidentiary search warrant," of which the judge agreed to take judicial notice.

3. Throughout these proceedings all participants alluded to "the Court," as if this matter were before a district court. Initially § 11a empowered "any judge of a court of record or magistrate" to deny bail; the 1977 amendments, however, place that authority solely in "a district judge." Thus the district judge presiding at a hearing to deny bail sits more in the capacity of a magistrate than a district court, much like this judge was acting when he issued the evidentiary search warrant pursuant to Article 18.01(c), V.A. C.C.P. References to "district court" in some prior decisions under § 11a, e.g., *Ex parte Moore*, 594 S.W.2d 449 (Tex.Cr.App.1980), should be regarded as oversights rather than studied precedent.

was mooted even before it was submitted. Given the circumstances of this cause, it is unfortunate that we missed the opportunity.