Richard Francis
**NEUENSCHWANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 70994.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 1990.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, J. Rex Barnett and Peter Parpala, Asst. D. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This appeal is taken from an order denying bail under the provisions of Article I, Section 11a of the Texas Constitution. See *Thain v. State*, 721 S.W.2d 354 (Tex.Cr. App.1986).

The record reflects that on January 2, 1990, the State filed a motion to deny appellant bail pursuant to the provisions of Article I, Section 11a. The motion alleged that appellant, on January 2, 1990, was accused of the felony offense of illegal investment-finance, V.T.C.A. Health & Safety Sec. 481.126 (Texas Controlled Substances Act), alleged to have occurred on June 11, 1989. Felony complaint No. 0394539 alleging the offense was filed in the 3rd Criminal District Court of Tarrant County, Texas. The motion further alleged that at the time of appellant's arrest on January 2, 1990, appellant was under indictment in another case. That indictment also alleged illegal investment-finance.

A hearing was held on January 5, 1990, on the State's motion to deny bail. At the conclusion of the hearing the court ordered that appellant be held without bail for the offense allegedly committed on June 11, 1989.

Appellant contends that the ·trial court erred in granting the State's motion

to deny bail. In a single point of error, appellant argues that the State failed to prove that the hearing on the motion was held and the order signed within seven days of appellant's arrest.

Article I, Section 11a provides in part: Any person ... accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing and upon evidence substantially showing the guilt of the accused of the offense ... committed while on bail ..., may be denied bail pending trial by a district judge in this State, if the said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused....

■ In order to hold a defendant without bail under Article I, Section 11a of the Texas Constitution, the following sequence of events must occur:

1. A defendant must be indicted for a felony and be out of jail on bond:
2. A defendant must be then accused of committing, while on that bond, a felony less than capital in this state;
3. A defendant must be arrested on the accusation in 2;
4. A district judge must hold a hearing wherein the state must show substantial evidence of the defendant's guilt for the felony in 2 and the district judge must enter an order denying bond, all within seven days of the defendant's arrest in 2.

*Westcott v. State*, 651 S.W.2d 271, 272 (Tex.Cr.App.1983). See also *Westbrook v. State*, 753 S.W.2d 158 (Tex.Cr.App.1988).

■ The burden of proof in a proceeding to deny bail under Article I, Section 11a, is a "substantial showing" of the guilt of the accused rather than a showing that the accused is "guilty beyond a reasonable doubt." *Ex Parte Moore*, 594 S.W.2d 449, 452 (Tex.Cr.App.1980); *Lee v. State*, 683

S.W.2d 8 (Tex.Cr.App.1985). The general rule favors the allowance of bail; therefore, the State has the burden to prove that the there has been strict compliance with the limitations and safeguards within Article I, Section 11a. *Lee* at 9; *Taylor v. State*, 667 S.W.2d 149, 152 (Tex.Cr.App. 1984).

■ The failure of a trial court to issue an order denying bail within seven calendar days following a detainee's initial incarceration will deprive the trial court of jurisdiction to deny bail pursuant to Article I, Section 11a. *Garza v. State*, 736 S.W.2d 710 (Tex.Cr.App.1987). Incarceration refers to the detainee's initial arrest, and the date of the filing of the charging instrument is irrelevant. *Garza* at 711; *Kersh v. State*, 736 S.W.2d 709 (Tex.Cr.App.1987).

■ At the hearing on the motion to deny bail, the State offered testimony showing that a formal complaint for the offense allegedly committed on June 11, 1989, was filed on January 2, 1990. The record is absent, however, of any evidence of the date of appellant's actual arrest for the offense alleged in the arrest.[1] Without evidence as to when appellant was initially incarcerated, the State failed to meet its evidentiary burden to show that the hearing was held and the order denying bail was signed within seven calendar days of such incarceration[2]. Consequently, the trial court was without jurisdiction to deny bail. Appellant's point of error is sustained.

The judgment of the trial court denying bail is reversed, and we remand this cause to the trial court to set bail pursuant to the provisions of Art. I, Sec. 11, of the Texas Constitution.

WHITE, J., not participating.

---

1. In fact, the only reference to the date of the arrest is in the prosecutor's opening remarks that the "State would further show that ... the Defendant was arrested on January 2nd, 1990."

2. The seven-day time limit may be suspended, e.g., where a defendant seeks a legislative continuance in the case. See *Smith v. State*, 555 S.W.2d 756 (Tex.Cr.App.1977). The record in the present case, however, does not show that appellant sought such a continuance.