Kenneth Joe CRINER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 71792.

Court of Criminal Appeals of Texas, En Banc.

June 8, 1994.

Versel Rush, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., John W. Brasher, and Scott E. Stephenson, Asst. Dist. Attys., Wichita Falls, and Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S MOTION FOR REHEARING*

BAIRD, Judge.

On original submission we held appellant's appeal from an order denying bail was moot and dismissed the appeal. *Criner v. State* (Tex.Cr.App. No. 71,792, delivered March 9, 1994) (not published). In his motion for rehearing, appellant seeks reconsideration of the dismissal, contending our docket is such that every appeal from an order denying bail will be moot before the appeal can be re-

1. Specifically, Tex. Const. art. I, § 11a(a) provides:

   Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) accused of a felony less than capital in this State, committed while on

solved. We will deny the motion for rehearing.

**I.**

The record demonstrates the victim was shot on November 28, 1993. Appellant was brought to the Wichita Falls Police Department for questioning and arrested at approximately 11:00 p.m. on that date. On November 29, 1993, the victim died and appellant was charged with murder.

The State filed a motion seeking to deny bail. A hearing on the motion was held on December 6, 1993, and the State produced substantial evidence demonstrating appellant's guilt and his parole status. *See,* Tex. Const. art. I, § 11a(a)(4). At the conclusion of the hearing, the trial judge entered an order denying bail and appellant appealed. On March 9, 1994, we dismissed the appeal as moot. *Criner, supra.*

**II.**

As a general rule, bail may not be denied. Tex. Const. art. I, § 11. There are only five exceptions to this general rule, capital cases "where proof is evident," art. I, § 11, and in non-capital cases when the defendant is accused

1.  of a felony and has been twice previously convicted of a felony;

2.  of a felony committed while on bail for a prior felony for which he has been indicted;

3.  of a felony involving the use of a deadly weapon and has been previously convicted of a felony; or

4.  of a violent or sexual offense committed while under the supervision of a criminal justice agency.

Tex. Const. art. I, § 11a.[1]

■ However, even in these non-capital situations, bail may be denied only after a

bail for a prior felony for which he has been indicted, (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, or (4) accused of a violent or sexual offense committed while under the supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony, after a hearing, and upon evidence substantial-

hearing where the State produces evidence substantially showing the defendant's guilt. And the order denying bail must be entered within seven calendar days of the defendant's incarceration. Art. I, § 11a. *See also, Neuenschwander v. State,* 784 S.W.2d 418, 420 (Tex.Cr.App.1990); *Westbrook v. State,* 753 S.W.2d 158, 159 (Tex.Cr.App.1988); *and, Garza v. State,* 736 S.W.2d 710, 711 (Tex.Cr. App.1987).

 If the trial judge enters an order denying bail under art. I, § 11a, the defendant must be accorded a trial within sixty days from his incarceration. Art. I, § 11a. *See also, Holloway v. State,* 781 S.W.2d 605, 606 (Tex.Cr.App.1989). If the accused is not brought to trial within sixty days, the trial judge's order denying bail is automatically set aside. Art. I, § 11a.[2]

 Art. I, § 11a also provides that the defendant may challenge the order denying bail by direct appeal to this Court. If the aforementioned sixty day period expires during the pendency of the appeal, we consider the issue moot and dismiss the appeal, *Holloway v. State,* 781 S.W.2d at 606; *and, Taylor v. State,* 676 S.W.2d 135 (Tex.Cr.App.1984), because we assume that either the accused has been brought to trial, *Armendarez v. State,* 798 S.W.2d 291 (Tex.Cr.App.1990), or the order denying bail was automatically set aside and reasonable bail was set as required by the Constitution. *Taylor,* 676 S.W.2d at 136. In either event, the issue of whether bail was properly denied is moot.

## III.

 In the instant case, more than sixty days expired from the date of appellant's incarceration until our opinion on original submission. Therefore the appeal was properly dismissed as moot. *Holloway, supra; and Taylor, supra.* We assume the Constitution has been complied with and that appellant has either been brought to trial or that the trial judge set reasonable bail when the order denying bail was automatically set aside.[3] If such is not the case, appellant may seek further relief.

Appellant's motion for rehearing is denied.

---

ly showing the guilt of the accused of the offense in (1) or (3) above, of the offense committed while on bail in (2) above, or of the offense in (4) above committed while under the supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused; provided, however, that if the accused is not accorded a trial upon the accusation under (1) or (3) above, the accusation and indictment used under (2) above, or the accusation or indictment used under (4) above within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is

obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals.

2. The order denying bail need not be set aside if a continuance is obtained upon the motion or request of the accused. Art. I, § 11a.

3. We believe the phrase "automatically set aside" is something of a misnomer. Clearly someone, either the trial judge, sheriff, clerk or, presumably, defense counsel, must take some action to insure that the order denying bail is set aside and that reasonable bail is set.