Opinion issued September 16, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00764-CR




CARLA RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 952956




MEMORANDUM OPINION
 
          Appellant, Carla Rodriguez, appeals the denial of a pretrial habeas corpus
application requesting a bond setting. After an informal request for a reasonable
bond setting was denied, Rodriguez filed a formal pretrial application for writ of
habeas corpus to set a reasonable bond. After a July 2, 2003 hearing, the trial court
declined to set bail. The trial court complied with Texas Rule of Apppellate
Procedure 25.2(a)(2) by certifying that this was not a plea bargain case, and that
Rodriguez had a right to appeal the trial court’s decision. Since timely filing her
notice of appeal, Rodriguez has filed a motion to expedite her appeal. Background
          On April 30, 2003, Rodriguez was charged with first-degree felony possession
of cocaine. Specifically, she has been charged with possession with intent to deliver
a controlled substance, namely cocaine, weighing at least 400 grams.


 The
punishment for such offense is imprisonment for life or for a term of not more than
99 years or less than 15 years and a fine not to exceed $250,000. Tex. Health &
Safety Code Ann. § 481.112(f) (Vernon 2003). It is not a capital offense. See Tex.
Pen. Code Ann. § 12.31 (Vernon 2003).
          Appellant alleges that she is entitled to bail pursuant to Texas Constitution,
article I, section 11,


 because that provision, with certain exceptions, entitles all
prisoners to bail, and she falls under none of the exceptions. At the habeas corpus
hearing, the trial court took judicial notice of the specific charges against Rodriguez
and her present incarceration, but neither Rodriguez nor the State presented evidence. 
The trial court ruled bond would remain at no bond. Rodriguez has been in jail
awaiting trial for nearly four months.
          “The general rule favors the allowance of bail.” Taylor v. State, 667 S.W.2d
149, 151 (Tex. Crim. App. 1984). “Article I, section 11 of the Texas Constitution
provides that all prisoners shall be bailable by sufficient sureties ‘unless for capital
offenses, when the proof is evident.’” Id. 
Denial of bail is authorized only when:
 
1. the prisoner is charged with a capital offense and the proof of such
offense is evident;
 
2. any of the exceptions embodied in article I, section 11a applies; or
 
3. when other extraordinary circumstances are present, e.g. Mills v.
State, 626 S.W.2d 583 (Tex. App.—Amarillo 1981, pet. ref’d).

Smith v. State, 829 S.W.2d 885 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). 
The burden is on the State to show that the accused is not entitled to bail. Ex parte
Reis, 33 S.W.2d 435, 437 (Tex. Crim. App. 1930). Presumptions are not to be
indulged against a defendant in a criminal case. Taylor, 667 S.W.2d at 151. 
Analysis
          Here, the State had the burden to show that Rodriguez was not entitled to bail,
but it presented no evidence. From the reporter’s record of the habeas corpus hearing,
there was no evidence before the trial court on which it could base its decision. 
Because there was no evidence to support the trial court’s decision to decline to set
bail, the trial court’s judgment was erroneous and should be set aside. Id. at 152.
          The judgment of the trial court is vacated and the cause is remanded to the trial
court to set a reasonable bail. See Gutierrez v. State, 927 S.W.2d 783, 784 (Tex.
App.—Houston [14th Dist.] 1996, no pet.).
 
 
                                                                                  Laura C. Higley
                                                                                  Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.
Do not publish. Tex. R. App. P. 47.2(b).