IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,865






C. TOM ZARATTI, Appellant


vs.


THE STATE OF TEXAS




ON DIRECT APPEAL FROM THE 180TH DISTRICT COURT,



HARRIS COUNTY, TEXAS 



 Per Curiam. 


OPINION 



 This is an appeal from an order denying bail pursuant to Article I, § 11a, of the Texas
Constitution. (1) Appellant was arrested on December 24, 2003, and charged with possession of
child pornography in cause number 972,226 in the 180th District Court in Harris County. On
December 29, 2003, the State filed a motion to hold appellant without bail alleging that
appellant committed the present offense while on bail in cause number 952,417. On January
8, 2004, appellant filed an application for a writ of habeas corpus to request the trial court to
set reasonable bail pending trial. The trial court conducted a hearing on the State's motion on
January 9, 2004. At the conclusion of the hearing, the trial court denied appellant's request
for bail and entered an order holding appellant without bail for sixty days. Appellant filed a
notice of appeal on January 9, 2004. The trial court certified appellant's right to appeal the
denial of bail on January 12, 2004. On February 24, 2004, the trial court set bail. Pending
before this Court is the State's motion to dismiss the present appeal, filed on April 6, 2004. 

 Article I, § 11a, of the Texas Constitution provides that a defendant is entitled to a trial
within sixty days if a trial judge enters an order denying bail under Article I, § 11a. If a
defendant is not brought to trial within sixty days of the date the trial judge entered the order
denying bail, the order is automatically set aside. (2) The Texas Constitution provides a defendant
with a direct appeal to this Court when the trial judge enters an order denying bail. (3) This appeal
"shall be given preference by the Court of Criminal Appeals." (4) 

 In Criner v. State, (5) we stated:

 If the aforementioned sixty day period expires during the pendency of the
appeal, we consider the issue moot and dismiss the appeal, Holloway v. State,
781 S.W.2d at 606; and, Taylor v. State, 676 S.W.2d 135 (Tex.Cr.App.1984),
because we assume that either the accused has been brought to trial,
Armendarez v. State, 798 S.W.2d 291 (Tex.Crim.App.1990), or the order
denying bail was automatically set aside and reasonable bail was set as required
by the Constitution. Taylor, 676 S.W.2d at 136. In either event, the issue of
whether bail was properly denied is moot. (6) 

We then concluded that because more than sixty days had passed, the appeal had been properly
dismissed as moot. 

 Here, more than sixty days have passed since the trial judge's order denying appellant
bail, and the trial court has since set bail. (7) We therefore assume that the court's order denying
bail has been set aside and reasonable bail has been set in accordance with the Texas
Constitution. The issue of whether the original denial of bail was proper is now moot and the
State's motion to dismiss this appeal is granted. 

 It is so ordered. 


Delivered: May 5, 2004.

Do Not Publish 
1. Article I, § 11a permits a trial court to deny bond if, inter alia, any person is "accused of a
felony less than capital in this State, committed while on bail for a prior felony for which he has been
indicted." Tex. Const. art. I, § 11a(a). 
2. Tex. Const. art. I, § 11a. 
3. Id. 
4. Id. 
5. 878 S.W.2d 162 (Tex. Crim. App. 1994). 
6. Criner v. State, 878 S.W.2d 162, 164 (Tex. Crim. App. 1994). 
7. We do not know if appellant has actually been released on bond. We do, however, know
that bail has been set and that the trial court has entered additional conditions for appellant's release on
bond.