AP-77,056
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/6/2015 6:00:30 PM
Accepted 5/7/2015 8:22:36 AM
ABEL ACOSTA
CLERK

# No. AP-77,056
# No. AP-77,057
# No. AP-77,058

In the
## Court of Criminal Appeals of Texas
In Austin

——————◆——————

**No. 1383239**
**No. 1461060**
**No. 1461070**
In the 185th District Court
Of Harris County, Texas

——————◆——————

## CRAIG ROSS SHEPHARD
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar No: 05263700
Assistant District Attorney
Harris County, Texas

**JUSTIN KEITER**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809
curry_alan@dao.hctx.net

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

The State does not oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Alan Curry** — Assistant District Attorney on appeal

**Justin Keiter** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Craig Ross Shephard**

Counsel for Appellant:

**Javier Martinez** — Counsel at trial and on appeal

Trial Judge:

**Hon. Susan Brown** — Presiding Judge

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ........................................................i

IDENTIFICATION OF THE PARTIES ...................................................................i

INDEX OF AUTHORITIES ...............................................................................iii

STATEMENT OF THE CASE ........................................................................... 1

STATEMENT OF FACTS ................................................................................ 3

SUMMARY OF THE ARGUMENT ................................................................... 4

REPLY TO POINTS OF ERROR ...................................................................... 4

CONCLUSION ............................................................................................ 7

CERTIFICATE OF COMPLIANCE .................................................................. 8

CERTIFICATE OF SERVICE .......................................................................... 9

# INDEX OF AUTHORITIES

**CASES**

*Criner v. State,*
  878 S.W.2d 162 (Tex. Crim. App. 1994) ........................................................... 5

*Holloway v. State,*
  781 S.W.2d 605 (Tex. Crim. App. 1989) ........................................................... 5

*Spell v. State,*
  407 S.W.3d 264 (Tex. Crim. App. 2013) ........................................................... 5

*Thain v. State,*
  721 S.W.2d 354 (Tex. Crim. App. 1986) ........................................................... 6

**RULES**

TEX. R. APP. P. 38.2(a)(1)(A) .............................................................................. i

**CONSTITUTIONAL PROVISIONS**

TEX. CONST. art. I, § 11a .................................................................................... 4

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

In cause number 1383239, the appellant was charged by complaint with the felony offense of possession of a controlled substance, alleged to have occurred on or about April 5, 2013 (C.R. I-2), and the appellant was later indicted for the felony offense of possession of a controlled substance with intent to deliver (C.R. I-12). The complaint reflected that the appellant had been arrested on that same date and that his bond had been set at $80,000.00 (C.R. I-2). The appellant subsequently made a bail of $100,000.00 (C.R. I-7).

At or near the same time, in cause number 1383240, the appellant also stood charged with the felony offense of bribery (C.R. I-3, 23). On December 9, 2013, the appellant entered a plea of guilty to the charged offense without an agreed recommendation from the State as to punishment, but the State did agree to dismiss the bribery charged in cause number 1383240 (C.R. I-67-68, 76; R.R. – State's Exhibit # 1). After the trial court found that the evidence substantiated the appellant's guilt, she placed the appellant on deferred adjudication community supervision for a period of eight years and assessed a $2,000.00 fine (C.R. I-78; R.R. – State's Exhibit # 1A). On August 2, 2013, in cause number 13-02-01739-CR, in the 410th District Court of Montgomery County, the appellant was convicted of the felony offenses of

possession of a controlled substance and money laundering, alleged to have been committed on February 15, 2013 (R.R. – State's Exhibits # 2, # 3).

In cause number 1461069, the appellant was charged by complaint with the felony offense of possession of a controlled substance, alleged to have occurred on or about March 13, 2015 (C.R. II-2; R.R. – State's Exhibit # 5). In cause number 1461070, the appellant was charged by complaint with the felony offense of possession of a prohibited weapon, alleged to have occurred on or about March 13, 2015 (C.R. III-2; R.R. – State's Exhibits # 4, # 4A). These new complaints were filed on March 14, 2015 and reflected that the appellant was arrested on the same date as the commission of the new offenses (C.R. II-2; C.R. III-2). On March 16, 2015, the State moved to deny bail to the appellant, and—after a hearing—the trial court granted that motion on March 19, 2015 (C.R. II-6; R.R. 52). On April 9, 2015, the appellant filed a notice of appeal from the trial court's ruling (C.R. I-96; C.R. II-18; C.R. III-17).

———————◆———————

## STATEMENT OF FACTS

The High Intensity Drug Trafficking Area task force had been conducting a long-term investigation regarding the appellant's involvement in the delivery and sale of methamphetamine (R.R. 12-14). This long-term surveillance revealed that drug dealing was occurring at a warehouse that was under the appellant's control (R.R. 17-18, 27). A warrant was eventually obtained for the appellant's arrest (R.R. 16-17), and, on March 12, 2015, a search warrant was obtained for the appellant (R.R. 19). In the process of searching for the appellant at the warehouse, officers observed a methamphetamine pipe and methamphetamine residue and also smelled marijuana (R.R. 20-22).

A search warrant was obtained for the location (R.R. – State's Exhibit # 7), and the resulting search of the location revealed the presence of approximately one pound of methamphetamine (R.R. 22-24). In the bed of one of the vehicles at the location, which the appellant had been seen driving and where the appellant had been observed to be operating, officers also found several weapons, including an illegal short-barrel shotgun (R.R. 23-24). The appellant was subsequently apprehended on March 13, 2015 (R.R. 25). The appellant was in possession of a methamphetamine pipe at that time (R.R. 38).

————————◆————————

## SUMMARY OF THE ARGUMENT

The appellant stands accused of two felony offenses involving the use of a deadly weapon. The appellant had previously been convicted of at least two other felony offenses. The evidence presented by the State substantially showed the appellant's guilt of both offenses involving the use of several deadly weapons. And the trial judge issued the order denying the appellant's bail within seven days after the appellant's arrest. Therefore, the trial court's ruling denying bail to the appellant should be upheld.

————————◆————————

## REPLY TO POINTS OF ERROR

TEX. CONST. art. I, § 11a provides that a defendant may be denied bail pending trial if he is accused of a felony offense involving the use of a deadly weapon after having been convicted of a prior felony. The State must present evidence substantially showing the defendant's guilt of the offense, and the trial judge must issue the order within seven calendar days after the appellant's arrest. All of those conditions were met in these cases.

In cause number 1461069, the appellant was charged with possession of a controlled substance with the intent to deliver. In cause number 1461070, the appellant was charged with the felony offense of possession of a prohibited weapon,

an illegal short-barrel shotgun, which is a deadly weapon—a firearm. The appellant had previously been convicted of the offenses of possession of a controlled substance and money laundering in Montgomery County. The evidence presented by the State substantially showed the appellant's guilt of both offenses involving the use of several deadly weapons (R.R. – State's Exhibit # 6). And the trial judge issued the order denying the appellant's bail on March 19, 2015, within seven days after the appellant's arrest on March 13, 2015.[1]

The burden of proof of "substantially showing" a defendant's guilt is far less than proof beyond a reasonable doubt. *Spell v. State,* 407 S.W.3d 264 (Tex. Crim. App. 2013). The appellant ignores this lesser standard by urging the trial court and this Court to apply holdings from cases in which the State bore the burden of proof of beyond a reasonable doubt.

The evidence in this case clearly showed that the appellant had control over the warehouse and of the vehicle that was at that location. The finding of the illegal narcotics and the large number of weapons (including the prohibited weapon) at these locations was sufficient for a substantial showing of the appellant's guilt of the charged offenses, and it was also consistent with the appellant's involvement in a long-term illegal narcotics operation at that location. The State provided the trial court with a strong nexus between the appellant and the contraband that was seized.

---

[1] After the passage of 60 days from the date of the appellant's arrest, the appellant's appeal will become moot. *See Criner v. State,* 878 S.W.2d 162 (Tex. Crim. App. 1994); *Holloway v. State,* 781 S.W.2d 605 (Tex. Crim. App. 1989).

*See Thain v. State,* 721 S.W.2d 354, 355 (Tex. Crim. App. 1986).  The trial court's ruling denying bail should be affirmed.

————————◆————————

## CONCLUSION

It is respectfully submitted that all things are regular and that the trial court's ruling should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 1,149 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on May 6, 2015:

Javier O. Martinez
Attorney at Law
712 Main Street, Suite 2400
Houston, Texas  77002

/s/  **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date:  May 6, 2015

9