

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-77,056, 77,057, 77,058

### CRAIG ROSS SHEPHARD, Appellant

### v.

### THE STATE OF TEXAS

### ON APPEAL FROM DENIAL OF BAIL
### CAUSE NOS. 1383239, 1461069, 1461070 IN THE 185TH DISTRICT COURT
### HARRIS COUNTY

**Per curiam.**

## O P I N I O N

This is an appeal from an order denying bail under Article 1, § 11a, of the Texas

Constitution.[1]  On March 13, 2015, Appellant was arrested and jailed for the offenses of

---

[1]After a hearing the trial court granted the State's motion to deny bail under Article 1, §11a, which provides in part:

Any person . . . (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, . . .after a hearing, and upon evidence substantially showing the guilt of the accused of the offense . . . may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued

possession of a prohibited weapon and possession of a controlled substance. He is also being held on a motion to adjudicate guilt for the offense of possession of a controlled substance. On March 19, 2015, the trial court granted the State's motion to deny bail for these offenses pursuant to Article 1, Section 11a of the Texas Constitution. Appellant has appealed the trial court's decision. See Tex.R.App.P. 31.1.

Article I, Section 11a mandates that "if the accused is not accorded a trial upon the accusation, . . . within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused. . . ." In these cases, the sixty day period has expired. Nothing indicates any continuance has been obtained, therefore we assume the order denying bail has been automatically set aside as the Constitution requires. Thus, the issue before us is now moot and we dismiss the appeal. See *Criner v. State*, 878 S.W.2d 162 (Tex.Crim.App. 1994); *Holloway v. State*, 781 S.W.2d 605 (Tex.Crim.App. 1989).

Filed: May 13, 2015
Do not publish

---

within seven calendar days subsequent to the time of incarceration of the accused.