**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00462-CR**
**NO. 09-19-00463-CR**
**NO. 09-19-00464-CR**

_____

**EX PARTE JOSEPH JOHN LABELLA III**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-05-07470-CR, 19-08-11597-CR, 19-09-12537-CR**

**MEMORANDUM OPINION**

Joseph John Labella III appeals from the trial court's order denying his applications for writ of habeas corpus, in which he sought bail pertaining to three drug-related charges. For the reasons explained herein, we affirm the trial court's order in appeal number 09-19-00462-CR, dismiss appeal number 09-19-00463-CR, and reverse the trial court's order in appeal number 09-19-00464-CR and remand that cause to the trial court to set bail.

1

BACKGROUND

In trial cause number 19-05-07470-CR, Labella was charged with possession with intent to deliver/manufacture heroin in an amount of four grams or more but less than two hundred grams on or about May 29, 2019. The complaint in that case was filed on May 30, 2019. In trial cause number 19-08-11597-CR, Labella was charged with possession of tetrahydrocannabinol in an amount of four grams or more but less than four hundred grams on or about May 30, 2019. The complaint in this case was filed on August 26, 2019. The trial judge granted bond to Labella in the first two cases, and one of the conditions of the bond was that Labella "[c]ommit no offense against the laws of this State or any other State or of the United States[.]" Lastly, in trial cause number 19-09-12537-CR, Labella was charged with possession of cocaine in an amount less than one gram on September 9, 2019.

On September 10, 2019, the State filed a motion to deny Labella bail, alleging that Labella had violated the bond conditions by being arrested for possession of a controlled substance. In its motion, the State alleged that "[t]here is a lot of recent history involving the Defendant being present or the victim of a suspected heroin overdose occurring at his home or a house that he owns." The State alleged that (1) a male suffered a suspected opiate overdose at Labella's home on March 9, 2019, and heroin was recovered from the scene; (2) another male suffered a heroin

2

overdose on April 4, 2019; (3) Labella overdosed on opiates on May 29, 2019, and heroin, methamphetamine, and tetrahydrocannabinol were recovered after a search warrant was executed. The State also alleged in its motion that a female was present at the residence when Labella overdosed. The State further asserted that on the date its motion was filed, Labella suffered another suspected overdose, and one of the multiple people at the scene "admitted to knowing about narcotics in the residence." The State contended that based upon "the continued drug use, possession[,] and overdose events occurring at [Labella's] residence[], and the violation of [Labella]'s bond condition to not commit any other offense against the laws of this State, the Defendant poses a continued threat to the safety of the community." The State requested that the trial court deny Labella bond pending trial.

On September 11, 2019, the trial judge conducted a hearing on the State's motion to deny bail. Detective Justin Schutzenhofer testified that he encountered Labella after being called to investigate a suspected overdose by Labella on May 29, 2019. Schutzenhofer testified that two previous overdoses had occurred at the residence. Schutzenhofer explained that when deputies arrived, they saw a substance they believed to be heroin, so they obtained a search warrant and located heroin, methamphetamines, tetrahydrocannabinol, and drug paraphernalia. In addition, Schutzenhofer testified that in September 2019, he again went to Labella's residence

3

to investigate after a 911 call concerning an overdose by Labella, and investigating officers located substances that tested positive for cocaine and methamphetamine. At the conclusion of the hearing, the State argued that the preponderance of the evidence showed that Labella committed another offense in violation of his bond, and that Labella's new offense "relates to the safety of the community[.]" The trial judge signed an order denying bail.

Labella subsequently filed an application for writ of habeas corpus seeking bail in each case. Labella contended in the application that he was illegally confined without bond in violation of the Eighth and Fourteenth Amendments to the United States Constitution, Article I, §§ 11, 13, and 19 of the Texas Constitution, and articles 1.07 and 17.15 of the Texas Code of Criminal Procedure, and requested that a reasonable bond be set after an evidentiary hearing. The trial judge conducted an evidentiary hearing, at which Labella called Will Brown of The Last Resort Recovery Center to testify regarding the nature of the treatment program offered at the facility, as well as safeguards for monitoring patients and their progress. Brown testified that the facility treats patients using "a combination of 12-step and clinical modalities[,]" and Labella's counsel argued, among other things, that (1) the trial judge should allow Labella to participate in the rehabilitation program and (2) Labella is not a danger to the safety of the community. After the hearing, the trial

4

judge denied Labella's applications for writ of habeas corpus and refused to set bail in any of the three cases.

LABELLA'S ISSUE

In his sole appellate issue, Labella argues that the trial court erred by denying relief on his habeas applications. Specifically, Labella asserts that Article 1, § 11b of the Texas Constitution does not apply to violations that are unrelated to the safety of the victim or the community.

We review a trial court's order denying bail for abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Shires*, 508 S.W.3d 856, 860 (Tex. App.—Fort Worth 2016, no pet.). Under the abuse of discretion standard of review, we must defer to implied factual findings that are supported by the record, and the appellant has the burden of showing that the trial court abused its discretion. *Shires*, 508 S.W.3d at 860. We must affirm a trial court's ruling if it is correct under any theory of law applicable to the case, even if the trial court gives the wrong reason for its ruling or the trial court did not purport to rely on that theory. *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Ex parte Walker*, 489 S.W.3d 1, 14 (Tex. App.—Beaumont 2016, pet. ref'd).

With certain exceptions, bail may not be denied. Tex. Const. art. I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07; *Criner v. State*, 878 S.W.2d 162, 163 (Tex. Crim. App. 1994). One of the recognized exceptions to the general rule is when the defendant in a non-capital case is accused of a felony committed while on bail for a prior felony for which he has been indicted. Tex. Const. art. I, § 11a. Another recognized exception, which the State cited at the hearing on its motion to deny bail, is article 1, § 11b, which authorizes denial of bail for violation of a condition of release that is related to the safety of the community. Tex. Const. art. I, § 11b.

We turn first to appeal number 09-19-00462-CR (trial cause number 19-05-07470-CR). In that case, the trial court heard evidence that while Labella was out on the bond originally set by the trial court, he violated the conditions of his release by being accused of another felony. *See* Tex. Const. art. I, § 11a. We conclude that although the trial court might have relied upon the wrong provision of the Texas Constitution, based upon the evidence adduced at the hearings, the trial court did not abuse its discretion by denying Labella's application for writ of habeas corpus. *See id.*; *see Estrada*, 154 S.W.3d at 607; *Romero*, 800 S.W.2d at 543; *Ex parte Walker*, 489 S.W.3d at 14. Because we conclude that the trial court's order denying habeas relief was correct under article I, section 11a of the Texas Constitution, we need not decide whether Labella's violation of the conditions of his release affected the safety

6

of the community. *See* Tex. Const. art. I, § 11a; *see also* Tex. R. App. P. 47.1. We overrule issue one as to appeal number 09-19-00462-CR. Accordingly, we affirm the trial court's order denying habeas relief in appeal number 09-19-00462-CR (trial cause number 19-05-07470-CR).

We turn now to appeal number 09-19-00463-CR (trial cause number 19-08-11597-CR). The State filed a motion to dismiss this case, and on January 31, 2020, the trial court signed an order dismissing that charge. In Texas, the longstanding rule is that when the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised in the application are moot. *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (mem. op.). We conclude that because the record reflects that the trial court dismissed the case which is the subject of appeal number 09-19-00463-CR, said appeal is moot. *See id.*; *see also Pharris v. State*, 165 S.W.3d 681, 687-88 (Tex. Crim. App. 2005) (holding that a moot case is generally not justiciable). Accordingly, we dismiss appeal number 09-19-00463-CR.

Lastly, we turn to appeal number 09-19-00464-CR (trial cause number 19-09-12537-CR). As discussed above, the alleged offense in this appeal occurred on or about September 9, 2019, two days before the "no bond" hearing. The State concedes in its brief that "no evidence in the record supports a finding that the appellant

7

violated a condition of his release" in trial cause number 19-09-12537-CR. We agree

with the State that the record contains no evidence supporting a finding that Labella

violated the conditions of his release in that cause number. We sustain issue one as

to appeal number 09-19-00464-CR. Accordingly, we reverse the trial court's order

denying Labella bail in appeal number 09-19-00464-CR (trial cause number 19-09-

12537-CR), remand the cause to the trial court, and order the trial court to set a bond.

APPEAL DISMISSED; AFFIRMED; REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 12, 2020
Opinion Delivered April 8, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

8