

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,100

### Ex parte JEFFREY CHARLES FENDLEY, Appellant

### ON APPEAL FROM DENIAL OF BAIL
### CAUSE NO. R20-509 IN THE 6TH DISTRICT COURT
### LAMAR COUNTY

**Per curiam.**

## O P I N I O N

This is an appeal from an order denying bail under Article 1, § 11a, of the Texas Constitution.[1]   On September 20, 2020, Appellant was arrested for committing a felony offense while he was released on bail for a prior felony for which he had been indicted.

---

[1]Article 1, §11a, provides in part:

Any person . . . (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, . . .after a hearing, and upon evidence substantially showing the guilt of the accused of the offense . . . committed while on bail in (2) above, . . . may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused.

On September 25, 2020, after a hearing, the trial court granted the State's motion to deny bail pursuant to Article 1, Section 11a of the Texas Constitution. Appellant was incarcerated on September 28, 2020. Appellant has appealed the trial court's decision. See Tex.R.App.P. 31.1.

Article I, Section 11a mandates that "if the accused is not accorded a trial upon the accusation and indictment used under (2) above, . . . within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused. . . ." In this case, the sixty day period has expired. Nothing indicates any continuance has been obtained, therefore we assume the order denying bail has been automatically set aside as the Constitution requires. Thus, the issue before us is now moot and we dismiss the appeal. See *Criner v. State*, 878 S.W.2d 162 (Tex.Crim.App. 1994); *Holloway v. State*, 781 S.W.2d 605 (Tex.Crim.App. 1989).


Filed December 16, 2020
Do not publish