Jacob Gene GUTIERREZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–96–00639–CR, 14–96–00640–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 1, 1996.

Kenneth R. Poland, Houston, for appellant.

Rikki Burke Graber, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

PER CURIAM.

This is an appeal from the trial court's denial of appellant's motion to set a reasonable bail. Appellant was originally charged with the offense of automobile theft and unauthorized use of a motor vehicle. The State abandoned the theft allegation and appellant pleaded guilty to unauthorized use of a motor vehicle. On June 15, 1994, the trial court deferred a finding of guilt and placed appellant on deferred adjudication probation for five years.

On November 21, 1995, appellant was charged with aggravated robbery. The State filed a motion to adjudicate appellant's guilt alleging that appellant violated the terms and conditions of his deferred adjudication probation. The commission of the aggravated robbery was listed among the alleged violations.

On April 4, 1996, appellant filed motions to set bail in both the aggravated robbery case and the unauthorized use of a motor vehicle case. After a hearing on appellant's motions, the trial court denied bail. In two points of error, appellant appeals from the trial court's order.

In his first point of error, appellant claims the trial court erred in refusing to set bail in cause number 9408155. In his second point of error, appellant claims the trial court

erred in refusing to set bail in cause number 706184. Cause number 9408155 is the cause in which appellant pleaded guilty to unauthorized use of a motor vehicle. A motion to adjudicate appellant's guilt under that cause was filed when appellant was charged with aggravated robbery (cause number 706184). The Court of Criminal Appeals has held that a defendant whose adjudication of guilt has been deferred is entitled to bail pending an adjudication hearing. *Ex parte Laday*, 594 S.W.2d 102, 104 (Tex.Crim.App.1980). Therefore, the trial court erred in refusing to set a reasonable bail in cause number 9408155.

The State asserts that appellant's case is distinguishable from *Laday* because appellant was not denied bail only pending the adjudication hearing, but also pending the disposition of his aggravated robbery charge. The State claims, "Therefore, even if the trial court had set bail pending the adjudication hearing, appellant would have remained incarcerated for the aggravated robbery." The trial court, however, has no constitutional authority to deny bail pending trial of a noncapital offense. TEX. CONST. art. I, § 11.

■ With narrow exceptions, the Texas Constitution provides all prisoners a right to bail pending trial. TEX. CONST. art. I, § 11. Denial of bail is authorized only when: (1) the prisoner is charged with a capital offense and the proof of such offense is evident; (2) any of the exceptions embodied in article I, section 11a applies; or (3) when other extraordinary circumstances are present.[1] *Smith v. State*, 829 S.W.2d 885, 886–87 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

■ Appellant is charged with aggravated robbery, not a capital offense, and none of the exceptions listed in article I, section 11a apply. The parties have not directed the court to any indication in the record of novel extraordinary circumstances warranting a departure from the general rule embodied in article I, section 11. Therefore, appellant has a right to pretrial bail under the Texas Constitution, and the trial court's order de-

nying bail was error and must be vacated. Appellant's two points of error are sustained.

The order of the trial court is vacated and this cause is remanded to the trial court to set a reasonable bail.

---

**1.** *See, e.g. Mills v. State*, 626 S.W.2d 583 (Tex. App.—Amarillo 1981, pet. ref'd) (defendant who has been returned to Texas pursuant to the Interstate Agreement on Detainers, TEX.CODE CRIM. PROC. ANN. art. 51.14 (Vernon 1979), and is serving in Texas a sentence imposed by another state has no right to bail under article I, section 11).