In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-042 CR


____________________



EX PARTE MARK WAYNE BURTON






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 82750






MEMORANDUM OPINION (1)


 On March 25, 2002, Mark Wayne Burton was placed on deferred adjudication
community supervision for six years for possession of a controlled substance. (Cause No.
82750). On August 27, 2003, Burton was arrested on a new charge of possession of
marijuana, and posted bond. On October 30, 2003, the State filed a motion to revoke
Burton's unadjudicated probation. The trial court issued a warrant for Burton's arrest and 
set bond on both charges. Burton filed a motion for a speedy trial on November 13, 2003. 
Although he announced ready on December 1, 2003, on December 3, 2003, Burton's
counsel announced he was not ready to proceed, due to the absence of a key defense
witness. After denying counsel's oral motion for continuance, the trial judge vacated
Burton's bond, placing him in custody. The State agreed that Burton was entitled to bail,
but the trial court denied Burton's motion for bail pending the new February 17 setting on
the motion to adjudicate. The issue on appeal is whether the trial court properly denied
bail to Burton pending the hearing on the motion to adjudicate. 

 The Texas Constitution provides that prisoners shall be bailable, except under
certain conditions not applicable here. Tex. Const. Art. I, § 11. In 1980, the Court of
Criminal Appeals held that: 1) Art. I, § 11 "bail" applies only to prisoners before
conviction; 2) "conviction" refers to adjudication of guilt and assessment of punishment;
3) in a "deferred adjudication" situation, there is no formal adjudication of guilt until an
adjudication hearing; and 4) since a defendant whose adjudication of guilt has been
deferred is not yet convicted, such defendant is entitled to bail pending the adjudication
hearing. Ex Parte Laday, 594 S.W.2d 102, 103-104 (Tex. Crim. App. 1980). 

 Since Laday, the definition section of Art. 42.12 has been changed, and deferred
adjudication now falls within the general definition of community supervision. Tex. Code
Crim. Proc. Ann. art. 42.12 § 2(2)(A) and (B)(Vernon Supp. 2004). (2) Article 42.12,
section 21 provides that a trial judge may, for violation of a condition of community
supervision, cause the defendant to be arrested and detained until taken before the judge. 
However, the definition of "deferred adjudication" has not been changed, i.e., it remains
a disposition by the trial court in which the judge, after receiving a guilty or no contest
plea and finding that evidence substantiates the defendant's guilt, defers further
proceedings without an adjudication of guilt, and places the defendant on community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5a (Vernon Supp. 2004). 
Further, Art. 42.12 § 21 (b) also provides in part that "(i)f the defendant has not been
released on bail, on motion by the defendant, the judge shall cause the defendant to be
brought before the judge for a hearing within 20 days of filing of said motion. . ." Tex.
Code Crim. Proc. Ann. art. 42.12 § 21(b) (Vernon Supp. 2004) (Emphasis added). 

 In Gutierrez v. State, 927 S.W.2d 783 (Tex. App.- Houston [14th Dist.] 1996, no
pet.), a defendant on deferred adjudication for unauthorized use of a motor vehicle was
subsequently charged with aggravated robbery. The State filed a motion to adjudicate guilt
on the unauthorized use charge. The trial court denied bail. Id. at 783. In vacating the
trial court's order, the Court of Appeals, citing Laday, held that a defendant whose
adjudication of guilt has been deferred is entitled to pre-trial bail pending an adjudication
hearing under Art. I, §11. Id. at 784. 


 We agree with this holding. Deferred adjudication, while for some purposes
considered the same as "regular probation," is still not an adjudication of defendant's guilt. 
Both under the language of Article 42.12, section 21(b), and the general principles
enunciated in Laday and Gutierrez, we hold that the trial court erred in refusing to consider
bail for Burton in this case. 

 We vacate the trial court's order, and remand with instructions to consider, under
constitutional and statutory requirements, and act upon, Burton's motion for bail. 


 VACATED AND REMANDED.


 PER CURIAM


Opinion Delivered February 12, 2004 

Do Not Publish

Before McKeithen, C.J., Burgess and Gaultney, JJ.










1. Tex. R. App. P. 47.4.
2. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws
3717.