**Ex parte Robert LADAY.**

**No. 63379.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 20, 1980.

J. Michael Bradford, on appeal only, Beaumont, for appellant.

Robert Huttash, State's Atty., and Alfred W. Walker, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an appeal from an order of the 252nd District Court of Jefferson County denying bail pending a hearing to determine whether there should be an adjudication of guilt, pursuant to the terms of Article 42.12(3d)(b), V.A.C.C.P. Appellant contends that he was improperly denied bail pending the adjudication hearing.

The trial court filed findings of fact which appellant has adopted in his brief and which we adopt on appeal. The findings reflect that on August 24, 1979, appellant pleaded guilty to the felony offense of aggravated assault. On September 7, 1979, the court deferred adjudication of guilt pursuant to Article 42.12(3d)(a), V.A.C.C.P., and placed appellant on probation for a term of five years. On October 24, 1979, appellant was arrested and charged with the offense of burglary. On that same date the State filed with the court what is referred to in the record as probation "violation information." Based on this information the court ordered appellant held without bond pending the adjudication hearing. Appellant filed a writ of habeas corpus requesting that bail be set pending the adjudication hearing. On December 4, 1979, a hearing on the application for writ of habeas corpus was held. Appellant's application was denied, and appellant served notice of appeal to this Court.

Appellant contends that the court was obligated by Article I, § 11 of the Texas Constitution to set bail pending the adjudication hearing held pursuant to Article 42.-12(3d)(b), supra.

■ Article I, § 11, supra, provides as follows:

All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

It is well established that this provision has reference only to prisoners *before convic-*tion. *Ex parte Lowe,* 573 S.W.2d 245 (Tex. Crim.App.1978); *Ex parte Nielssen,* 446 S.W.2d 882 (Tex.Crim.App.1969); *Ex parte McBride,* 108 Tex.Cr.R. 618, 2 S.W.2d 267 (1928); *Ex parte Ezell,* 40 Tex. 451 (1874). In order to decide this case it is necessary to determine whether there has been a "conviction."

■ For purposes of determining when to file a motion for new trial or a motion in arrest of judgment, the term "conviction" means an adjudication of guilt and an assessment of punishment. *Woods v. State,* 532 S.W.2d 608 (Tex.Crim.App.1976); *Faurie v. State,* 528 S.W.2d 263 (Tex.Crim.App. 1975). In *Arcia v. State,* 26 Tex.App. 193, 9 S.W. 685 (1888), the former Court of Appeals held that for purposes of determining the competency of a witness a "conviction" required that sentence be pronounced; however, the Court noted that

. . . In the absence of any statutory provisions affecting this question, we would hold, in accordance with what seems to be the well-settled rule, that a verdict followed by a judgment renders the conviction complete, and the disqualification at once attaches; but in no case attaches until judgment has been rendered upon the verdict. Desty, Crim. Law, § 49b, note 11; Whart.Crim.Ev. § 398, note 6. . . .

In *Ex parte Giles,* 502 S.W.2d 774 (Tex. Crim.App.1974), this Court similarly construed the phrase "after conviction" as used in Article IV, § 11 of the Texas Constitution, stating that

In *Snodgrass v. State,* 67 Tex.Cr.R. 615, 150 S.W. 162 (1912), this court demonstrated that words "after conviction" do not necessarily embrace the sentence, but simply mean the verdict of conviction and the judgment on the verdict. . . .

Generally in accord with the Snodgrass opinion's interpretation of the term "after conviction" is *Duke v. State,* 106 Tex. Cr.R. 154, 291 S.W. 539 (1927); *Goss v. State,* 107 Tex.Cr.R. 659, 298 S.W. 585 (1927). See also 44 Tex.Jur.2d, Pardon, Reprieve, Etc., Sec. 7, p. 10.

From these cases, it appears that in its basic form a conviction consists of a verdict of conviction and a judgment on the verdict.

Under the "deferred adjudication" statute, Article 42.12(3d), supra, no such formal adjudication of guilt is made until the adjudication hearing. Subsection (a) of that statute provides that the court,

> . . . after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, *defer further proceedings without entering an adjudication of guilt,* and place the defendant on probation on reasonable terms and conditions as the court may require . . [Emphasis added]

Under Subsection (b) of the statute, if the defendant violates a condition of probation he is

> . . . entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. . . .
> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

On the other hand, if the defendant successfully completes his probation, then under Subsection (c) of the statute the court must dismiss the proceedings against the defendant and discharge him. Such a dismissal and discharge may not be deemed a conviction for purposes of imposing disqualifications or disabilities imposed by law for conviction of an offense, although the prior probation may be admissible against the defendant on the issue of punishment in a subsequent prosecution.

The whole point of this statute is to avoid having to formally adjudicate the defendant's guilt unless and until he demonstrates that he cannot abide by the terms of probation set by the court. If the defendant successfully completes his probation, his offense is essentially expunged.

Based on the foregoing, the logical conclusion in this case is that appellant has not yet been "convicted" and thus is entitled to bail under Article I, § 11, supra.

This conclusion is in accordance with two decisions of this Court. In *Ex parte Smith*, 493 S.W.2d 958 (Tex.Crim.App.1973), cited by appellant, we held that a defendant who had been convicted of a misdemeanor offense and placed on probation was entitled to bail pending a revocation of probation hearing. We noted that judgment was not entered where probation was granted in a misdemeanor case, and held that absent a judgment of conviction, Article I, § 11, supra, applied and entitled the defendant to bail. In *Walker v. State*, 557 S.W.2d 785 (Tex.Crim.App.1977), we held that *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) was inapplicable to a sentence imposed at a Subsection 3d(b) adjudication hearing because no conviction occurred until that hearing:

> . . . *Pearce* is inapplicable to the present case. On January 21, 1976, appellant neither was found guilty of the offense of burglary as alleged in the indictment nor was a punishment assessed for that offense. The court did find that the evidence substantiated appellant's guilt for that offense and placed him on probation for an eight-year term. It was not until January 18, 1977, when the trial court revoked appellant's probation, that he found appellant guilty of the offense alleged in the indictment and assessed a punishment for the commission of that offense. Unlike *Pearce*, appellant never received a re-trial of the charge contained in the indictment, *for it was not until January 18 that he was convicted of the offense charged.* [Emphasis added]

We hold that a defendant whose adjudication of guilt has been deferred has not yet been convicted. Such a defendant is entitled to bail pending an adjudication hearing.

Appellant is entitled to relief. The writ is granted, and appellant shall be admitted to reasonable bail pending an adjudication hearing under Article 42.12(3d)(b), supra.

It is so ordered.