Ex parte Walter MOORE, Jr. and
Steven Blaine Moore.

Nos. 63671, 63672.

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 27, 1980.

James A. DeLee, Port Arthur, for appellants.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

### OPINION

ONION, Presiding Judge.

These are direct appeals from the denial of bail by a district court under the provisions of Article I, § 11a of the Texas Constitution.

It appears that both appellants were arrested on December 25, 1979 for the offense of criminal solicitation involving the use of

a deadly weapon by virtue of warrants issued by a justice of the peace. On December 27, 1979, they were released on a bond of $100,000 each set by the justice of the peace in whose court the complaints had been filed. On the same date, the State filed motions to deny bail to each appellant in the Criminal District Court of Jefferson County alleging Walter Moore, Jr., had been convicted of forgery and subsequently attempted murder, and was on bail (pending appeal) for the latter offense when he was accused of criminal solicitation involving the use of a deadly weapon. It was also alleged that Steven Blaine Moore had been indicted in July and August, 1979 for the offense of obtaining a controlled substance by fraud and was on bail in such cases when he was charged with criminal solicitation involving the use of a deadly weapon.

The district court set a hearing on said motions for December 28, 1979 at 10 a. m. at which time he overruled the motions for continuances, heard evidence, and denied bail in each case. These appeals followed in accordance with the right of appeal granted by Article I, § 11a of our state Constitution.

On appeal each appellant contends (1) that each should be allowed to post a reasonable bond since the district court was without jurisdiction to deny bail; (2) that each should be permitted to post a reasonable bond because the district court abused its discretion in denying their motions for continuance; (3) that the district court erred in denying bail since the evidence was insufficient to support the denial.

At the outset we are confronted with the question of whether the district judge erred in assuming jurisdiction in order to conduct the hearing to deny bail under the circumstances of this case. Appellant calls our attention to *Ex parte Clear*, 573 S.W.2d 224 (Tex.Cr.App.1978), which invoked our origi-

nal habeas corpus jurisdiction, and where we held that the district court illegally assumed jurisdiction as a magistrate of a felony complaint earlier filed against the relator in justice court and unlawfully raised his bond from $1,000 to $2,000.

There a felony complaint had been filed in justice court and the arrested relator was subsequently released on a $1,000 bond by the justice of the peace. The district court then assumed jurisdiction of the felony complaint, revoked the earlier bond, and raised the amount of the bond. Relying upon Article 2.09, V.A.C.C.P., that a justice of the peace and a district judge are both magistrates, and upon Article 4.16, V.A.C.C.P., which provides that when two or more courts have concurrent jurisdiction of any criminal offense the court in which an indictment or complaint shall first be filed shall retain jurisdiction, this court held the district court had exceeded its authority by usurping the lawful jurisdiction of the justice court.

This appeal, however, involves the right of a district court to deny bail under the conditions set forth in Article I, § 11a of the Texas Constitution, which is a modification of the constitutional right to bail provided by Article I, § 11 of the state Constitution.[1]

Said Article I, § 11a, provides:

"Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, or (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, after a hear-

1. Article I, § 11 of the Texas Constitution provides:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law."

ing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above or of the offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused; provided, however, that if the accused is not accorded a trial upon the accusation under (1) or (3) above or the accusation and indictment used under (2) above within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

In *Ex parte Davis*, 574 S.W.2d 166 (Tex. Cr.App.1978), this court wrote:

"It is clear that in three situations bail may be temporarily denied under the provisions of Article I, § 11a, supra. This is true where in accordance with the constitutional provisions bail is denied pending trial after a hearing *by a district judge* and said order denying bail pending trial is issued within seven (7) calendar days subsequent to the time of the incarceration of the accused." (574 S.W.2d at 169, emphasis supplied.)

It has been written that:

"When the Constitution grants certain powers, and the means by which these powers can be exercised are prescribed, such means are exclusive of all others." *White v. State*, 440 S.W.2d 660, 665 (Tex. Cr.App.1969).

And in *Mears v. State*, 520 S.W.2d 380, 382 (Tex.Cr.App.1975), this court stated:

"Statutory rules cannot abrogate constitutional requirements."

 There can be no doubt that the language of said Article I, § 11a, grants to a district court and to the district court alone the jurisdiction to deny bail under the conditions prescribed therein. This constitutionally granted jurisdiction cannot be altered by the fact that a felony less than capital complaint has been filed in the justice of the peace court. Thus, the district judge properly entertained the State's motions to deny bail. This was a proper exercise of jurisdiction awarded by the Constitution although it may cut cross-wise against statutory fields of jurisdiction. We cannot agree that the district court was without jurisdiction to determine whether the appellants should be held without bail. The district court did not err in assuming jurisdiction. *Ex parte Clear*, supra, is clearly distinguishable.

Appellants complain that the district court abused its discretion in denying their motions for continuance.[2]

 Appellants asserted in their motions for continuance that their counsel had been notified of the hearing in district court about 3:30 or 4 p. m. on December 27, 1979, and he was required to be in court at 10 a. m. on December 28, 1979, giving him eighteen hours to prepare a defense, only three hours of which were normal office hours; that there were out-of-county witnesses which would not be available for the hearing. The motions for continuance were overruled. If there was a hearing on said motions, the transcription of the court reporter's notes is not in the record before us.

As noted in *Ex parte Davis*, supra, some strict requirements were drafted into the constitutional provision in question including the fact the order denying bail must

**2.** In view of the seven-day limitation provided in said Article I, § 11a, appellants obviously used the term "continuance" as meaning a delay or postponement rather than using the term in its strict legal meaning. See Articles 29.05, 29.06(6) and 29.07. See also 12 Tex.Jur.2d, Continuance, § 1, pp. 542–543; *Tarver v. State*, 124 Tex.Cr.R. 485, 63 S.W.2d 554 (1933).

issue within seven (7) calendar days subsequent to the incarceration of the accused.

The district court was undoubtedly confronted with the fact that three of the seven days had already elapsed and that it was Christmas week when perhaps there would be days the court would not be open for the transaction of business. The record before us does not support the assertions of the appellants' briefs. We cannot agree that the district court abused its discretion in overruling the motions for "continuance."

Lastly, appellants contend the evidence is insufficient to support the denial of bail.

V.T.C.A., Penal Code, § 15.03, provides:

"(a) A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.

"(b) A person may not be convicted under this section on the uncorroborated testimony of the person allegedly solicited and unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the other person act on the solicitation.

"(c) It is no defense to prosecution under this section that:

"(1) the person solicited is not criminally responsible for the felony solicited;

"(2) the person solicited has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution;

"(3) the actor belongs to a class of persons that by definition of the felony

solicited is legally incapable of committing the offense in an individual capacity; or

"(4) the felony solicited was actually committed.

"(d) An offense under this section is:

"(1) a felony of the first degree if the offense solicited is a capital offense; or

"(2) a felony of the second degree if the offense solicited is a felony of the first degree."

■ The burden of proof in a proceeding seeking to deny bail under Article I, § 11a of the Texas Constitution by its express terms is a "substantially showing" of the guilt of the accused which is a far less burden than beyond a reasonable doubt as required at the trial on the merits.

Further, as in the case of appeal from denial of bail under Article I, § 11 of the State Constitution, it shall be the policy of this court to refrain from stating facts at length and of expressing a conclusion as to the sufficiency of the evidence to show guilt. See *Ex parte Forbes,* 474 S.W.2d 690 (Tex.Cr.App.1972); *Ex parte Paul,* 420 S.W.2d 956 (Tex.Cr.App.1967).

■ At the hearing on the State's motions to deny bail, the trial judge took judicial notice of his court's records regarding prior convictions pending charges, etc., alleged in the State's motions.[3]

Nathaniel Walls testified that on December 21, 1979, he was contacted by Steven Moore, who took him to his brother, Walter Moore, Jr., who offered him $4,000 and a bonus to kill Detective Gary Johnson, who had been making his (Moore's) life miserable. Walls stated that Steven Moore had driven past and pointed out to him Gary Johnson's house and asked him if he was going to do the "job," and he affirmatively replied. Still later, Walls related he got $200 from Walter Moore, Jr., for a gun with

3. It appears all convictions, pending charges, etc., were in the district court in question. Under any circumstances, appellants raised no question about the taking of judicial notice.

which to kill Johnson. Walls did not buy a gun, but reported the job offer to the police. He, in the presence of officer Collins and officer Johnson, called Steven Moore on the telephone. He told Steven Moore he hadn't been able to get a gun and Steven Moore offered to let him have a .25 caliber weapon. Walls again talked to Steven Moore over the telephone about the killing of officer Johnson, and also had a telephone conversation with Walter Moore, Jr., whom he got to affirm the job offer and his desire to have Johnson killed.

Detective Eddie Collins testified he was contacted on December 24, 1979 by Walls, who said he had been hired to kill Johnson. Collins related he heard the telephone con-

versation between Steven Moore and Walls about getting a gun for the job, and heard the telephone conversation between Walter Moore, Jr., and Walls about the money that had been paid Walls and about getting a gun to kill Gary Johnson.

Walter Moore, Jr., testified and denied any part in the alleged offense.

We conclude that the State sustained its burden of proof substantially showing the guilt of the appellants of the offense charged as required by Article I, § 11a, Texas Constitution, and under such burden the corroboration required by V.T.C.A., Penal Code, § 15.03(a), was sufficient.[4]

The judgment is affirmed.

4. Appellants call attention to the fact that Walls was a drug user, and that officer Collins testified he had never talked to appellants over the telephone prior to December 24, 1979, although he had heard their voices before. In hearings for denial of bail under Article I, § 11a of the Texas Constitution, the district judge is the trier of the facts, the credibility of the witnesses and the weight to be given to their testimony.