

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,048

**CHRISTOPHER ALLEN DAVIS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPEAL FROM DENIAL OF BAIL
## CAUSE NO. 2-14-521 IN THE 382ND DISTRICT COURT
## FROM ROCKWALL COUNTY

**Per curiam.**

## O P I N I O N

This is an appeal from an order denying bail under Article 1, § 11a, of the Texas Constitution.[1] On November 4, 2014, while free on bail for several offenses, Appellant was arrested and jailed for a new offense of aggravated assault alleged to have been

---

[1]Article 1, §11a, provides in part:
Any person . . . accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, . . .and upon evidence substantially showing the guilt of the accused of the offense . . . committed while on bail . . . may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused.

committed while on bail. On November 10, 2014, after a hearing on the State's motion to deny bail, the trial court denied bail under Article 1, § 11a, because Appellant is alleged to have committed a felony (aggravated assault) while released on bail for a prior felony for which he had been indicted. Appellant appealed. We will address the issue raised below - that the State failed to present evidence "substantially showing" his guilt for the aggravated assault.

At the hearing to deny bail, the State called Travis Minor, the victim of the assault, to testify. Minor stated that on the evening of September 21, 2014, he and some friends went to hunt on property owned by Cara Baker. Minor had permission from Baker to hunt on the property. Shortly after the group arrived at a location on the property, Appellant drove toward them yelling and screaming and telling them to leave. The group agreed to leave and started gathering their things. Appellant grabbed Minor's shotgun and then hit Minor in the face with the butt of the gun. Minor's nose was cut and required stitches.

Under Art. 1, § 11a, the State has the burden to present evidence "substantially showing" Appellant's guilt of the aggravated assault. This showing is "far less" than proof beyond a reasonable doubt as is necessary at a trial on the merits. *Lee v. State*, 683 S.W.2d 8, 9 (Tex.Crim.App. 1985); *Ex parte Moore*, 594 S.W.2d 449, 452 (Tex.Crim.App. 1980). That burden must be considered in light of the general rule that favors the allowance of bail. In the instant case the evidence substantially shows Appellant's guilt of aggravated assault. Accordingly, the trial court's order denying bail is affirmed.

Delivered: November 26, 2014
Do not publish