FILED IN
COURT OF CRIMINAL APPEALS

May 7, 2015

ABEL ACOSTA, CLERK

AP-77,056
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/6/2015 5:04:28 PM
Accepted 5/7/2015 8:22:00 AM
ABEL ACOSTA
CLERK

CASE NOS. AP – 77,056, 77,057, 77,058

---

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

---

CRAIG ROSS SHEPHARD,
*Appellant*

VS.

THE STATE OF TEXAS,
*Appellee*

---

On Appeal from denial of bail
Cause Nos. 1383239, 1461069, 1461070

**BRIEF OF APPELLANT**

---

JAVIER O. MARTINEZ
BIRES SCHAFFER & DEBORDE
TBA No. 24082538
712 MAIN ST., SUITE 2400
HOUSTON, TEXAS 77002
TELEPHONE: 713-228-8500
FACSIMILE:  713-228-0034
EMAIL: JAVIER@BSDLAWFIRM.COM

COUNSEL FOR APPELLANT,
CRAIG ROSS SHEPHARD

**ORAL ARGUMENT WAIVED**

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), a complete list of the names and all interested parties is provided below.

| | |
|---|---|
| Appellant: | Craig Ross Shephard |
| Presiding Judge: | Hon. Susan Baetz Brown<br>Presiding Judge<br>185th District Court, Harris County, Texas<br>1201 Franklin, 17th Floor<br>Houston, TX  77002 |
| Trial Prosecutor: | Mr. Justin Keiter<br>Assistant District Attorney<br>Harris County District Attorney's Office<br>1201 Franklin<br>Houston, Texas 77002 |
| Defense Counsel: | Javier O. Martinez<br>Attorney at Law<br>Bires Schaffer & Deborde<br>712 Main St., Suite 2400<br>Houston, Texas 77002 |
| State's Appellate Counsel: | Hon. Devon Anderson<br>Harris County District Attorney<br>1201 Franklin<br>Houston, Texas 77002 |
| Appellant's Counsel: | Javier O. Martinez<br>Attorney at Law<br>Bires Schaffer & DeBorde<br>JPMorgan Chase Bank Building<br>712 Main Street, Suite 2400<br>Houston, Texas 77002 |

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………………………….…………2

Table of Contents……………………………………………………..…3

Index of Authorities…………………………………………………..4

Statement of the Case……..……………………………………………..6

Statement of Facts……………………………………………………8

Argument………………….....……………………………..………11

Point of Error Number One……………………………………………13

**The trial court erred in holding Appellant at no bond in Cause No. 1383239 since that case does not fall within one of the limited exceptions of Section 11a and a written no bond order was not entered.**

Point of Error Number Two………………………………………...…..15

**The trial court erred in ordering that appellant be held without bail in Cause Nos. 1461069 & 1461070 since the state failed to prove by a substantial showing that Appellant committed the instant offenses by using a deadly weapon after being convicted of a prior felony.**

Prayer for Relief……………………………………………………..28

Certificate of Compliance……………………………………………29

Certificate of Service………………………………….…………..30

# INDEX OF AUTHORITIES

## Cases

*Castillo v. State*, 426 S.W.3d 135 (Tex. App. – Houston [1st Dist.] 2012)…..18, 21

*Coleman v. State*, 145 S.W.3d 649, 659 (Tex. Crim. App. 2004)…….18, 22, 23, 24

*Criner v. State*, 878 S.W.2d 162 (Tex. Crim. App. 1994)……………………..….11

*Ex Parte Davis*, 574 S.W.2d 166, 168 (Tex. Crim. App. 1978)……………..….11

*Ex Parte Laday*, 594 S.W.2d 102, 104 (Tex. Crim. App. 1980)…….....…..……….14

*Ex Parte Miles*, 474 S.W.2d 22 (Tex. Crim. App. 1971)…………………….....11

*Ex Parte Moore*, 594 S.W.2d 449 (Tex. Crim. App. 1980)………………………16

*Ex Parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992)………………….…..26

*Gale v. State*, 998 S.W.2d 221(Tex. Crim. App. 1999)………………..………22, 24

*Jackson v. State*, 857 S.W.2d 678 (Tex. App. – Houston [14th Dist.] 1993,

rehearing denied)…………………………………………………..……...…18, 19, 20

*Lee v. State*, 683 S.W.2d 8 (Tex. Crim. App. 1985)……………………….....…..16

*Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)………………..18

*Taylor v. State*, 667 S.W.2d 149 (Tex. Crim. App. 1984)………………….…..11

*United States v. Ceballos-Torres*, 218 F.3d 408, 414 (5th Cir. 2000)……..…18, 22

*Westbrook v. State*, 753 S.W.2d 158, 160 (Tex. Crim. App. 1988)…………..11, 15

**Statutes:**

Tex. Const. art. I § 11a …………….………….…………….…...……………*ibid.*

TO THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

Craig Ross Shephard, hereinafter Appellant, was arrested on March 13, 2015 pursuant to a "to-be" warrant[1]. On March 14, 2015, the State of Texas filed two charges against Appellant. One charged him with possession with intent to deliver a controlled substance, namely methamphetamine, weighing at least 400 grams in Cause No. 1461069. (I C.R. 2[2]). The other charge was possession of a prohibited firearm in Cause No. 1461070. (II C.R. 2). The State filed a motion to hold Appellant at no bond on Cause No. 1461069. (I C.R. 6). The State's basis for holding Appellant at no bond was that Appellant "committed the instant offense using a deadly weapon after being convicted of a felony" and that he was accused of a "violent or sexual offense" while under supervision of a criminal justice agency of the State. (I C.R. 6). On March 17, 2015, the State filed a motion to adjudicate Appellant's guilt on Cause No. 1383239 (III C.R. 92-93)[3].

---

[1] The offense charged in the "to be" warrant was undetermined at the hearing. A complaint on this "to-be" warrant has not been filed. The charge(s) that are the basis for the arrest warrant are unrelated to the charges that are the subject of this appeal, i.e. Cause Nos. 1383239, 1461069 & 1461070.

[2] Because there are three "Volume I" clerk's records for Appellant's three cases, each record will be separated numerically. Clerk's Record for Cause No. 1461069 will be identified as "I." Clerk's Record for Cause No. 14610870 will be identified as "II." Clerk's Record for Cause No. 1383239 will be identified as "III."

[3] Appellant had been previous placed on 8 years deferred adjudication in December 9, 2013 for possession with intent to deliver a controlled substance. (III C.R. 78-79).

6

On March 19, 2015, Appellant was brought before the court for a bond hearing pursuant to Article I § 11a of the Texas Constitution. At that time, Appellant filed a motion to set bond on Cause No. 1461069 & 1461070, requesting a collective bond of forty thousand dollars. (I C.R. 7-11) (II C.R. 6-10). At the beginning of the hearing, the trial court notified Appellant's counsel that there "should be no bond on all three cases." (I R.R. 5). Therefore, the trial court entertained a no bond hearing on the motion to adjudicate guilt as well. *Id*. At the conclusion of the hearing, Appellant was held without bond on all three cases. (I R.R. 52).

Appellant subsequently filed a timely appeal challenging the trial court's no bond order on all three cases. (I C.R. 18-19) (II C.R. 17-18) (III C.R. 96-97).

## STATEMENT OF FACTS

Deputy Perez was the sole witness for the State at Appellant's hearing to hold him without bail. (I R.R. 3). Deputy Perez is employed by the Harris County Sheriff's Office and is assigned to the HIDTA[4] task force. (I R.R 2). According to Deputy Perez's testimony, the HIDTA task force had been investigating Appellant's alleged criminal activities as early as January 2015. (I R.R. 12-13). Most of the investigation centered on 811 Aldine Mail Route, Unit 500, Houston, Harris County, Texas.

### First Search Warrant for 811 Aldine Mail Route, Unit 500

Deputy Perez testified that "at some point" law enforcement obtained a "pocket warrant for the arrest of Craig Shephard." (I R.R. 16). Later, on March 12, 2015, law enforcement obtained a "search warrant" for the body of Craig Ross Shephard (I R.R. 19). The search warrant gave law enforcement the authority to search 811 Aldine Mail Route Road, Suite 500, Houston, Harris, County, Texas for Appellant. (I R.R. State's Exhibit 7). The search warrant was executed on March 12, 2015. (I R.R. 32). When law enforcement entered the warehouse, a Ford F-150 that Appellant had been seen driving previously was found inside the warehouse with several Pelican boxes that had lids on them. (I R.R. 36). A search of the warehouse was done to attempt to locate Appellant but he was not there. (I R.R.

---

[4] HIDTA stands for High Intensity Drug Trafficking Area. *Id*.

33). During the search, authorities located "residue" and a "methamphetamine pipe." (I R.R. 32). No weapons were found during the execution of the search warrant for the body of Appellant. (I R.R. 33).

**Second Search Warrant for 811 Aldine Mail Route, Unit 500**

That same day, law enforcement obtained a second search warrant giving them authority to search the interior of Suite 500 and the black Ford F-150 and its contents. (I. R.R. State's Exhibit 8). Once again, Appellant was not present at Suite 500 during the execution of the second search warrant. (I R.R. 34). Deputy Perez testified that he had no idea where Appellant was located at that time. (I R.R. 34). According to Deputy Perez, the black Ford F-150 was parked inside the warehouse. (I R.R. 33). It was readily moveable and not broken down. *Id*.

During the execution of the search warrant, methamphetamine and a shotgun were located. (I R.R. 35-36). However, Deputy Perez did not find either of these items *Id*. Deputy Perez testified that another officer "showed" him the methamphetamine "on top of the counter" after it had been found. (I R.R. 35-36). But, he could not testify as to the exact location where the methamphetamine was found. Additionally, Deputy Perez could not testify as to whether or not the shotgun was found locked in a case since he did not find it either. (I R.R. 36). He found another weapon. (I R.R. 36-37).

9

**Appellant Arrested The Next Day, Far From 811 Aldine Mail Route, Unit 500**

On March 13, 2015, a day after the execution of both search warrants, Appellant was arrested. (I R.R. 25). He was arrested at a motel about "10-15" minutes away from the Aldine Mail Route location (I R.R. 37). Appellant was not in possession of any weapons during his arrest. (I R.R. 37). He did not have any methamphetamine on him either. *Id*.

# ARGUMENT

The general rule favors the allowance of bail. *Ex Parte Davis*, 574 S.W.2d 166, 168 (Tex. Crim. App. 1978). However, there are limited exceptions to this general rule when an accused is charged in a non-capital case[5]. *See generally* Tex. Const. art. I § 11a. Even in a case that falls under one of these exceptions, however, an order denying the defendant bail is not automatic. *See Ex Parte Miles*, 474 S.W.2d 22 (Tex. Crim. App. 1971) (holding that an accused is entitled to confront the witnesses against him at a hearing within 7 days of arrest). In a non-capital case, bail may be denied only after a hearing where the State produced evidence *substantially showing* the Applicant's guilt. *Criner v. State*, 878 S.W.2d 162 (Tex. Crim. App. 1994) (emphasis added). An order denying bail must be in writing to be valid. *Westbrook v. State*, 753 S.W.2d 158, 160 (Tex. Crim. App. 1988).

The State moved the trial court to hold Appellant with no bond because they alleged Appellant was accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a felony pursuant to § 11a(3). Tex. Const. art. I § 11a(3). (I C.R. 6). Additionally, the State moved for no bond since they alleged Appellant was accused of "a violent or sexual offense

---

[5] These exceptions to the constitutional right to bail "include the seeds of preventive detention urged by many to be abhorrent to the American system of justice." *Taylor v. State*, 667 S.W.2d 149 (Tex. Crim. App. 1984).

committed while under supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony" pursuant to § 11a(4). Tex. Const. art. I § 11a(4). (I C.R. 6). Only a written order was entered in Cause Nos. 1461069 & 1461070, which are the possession with intent to deliver methamphetamine and the possession of a prohibited weapon charges, respectively. (I C. R. 10) (II C.R. 10). The order on Cause No. 1461070 was done on the motion to set bond filed by Appellant not the State's motion to deny bail. (II C.R. 10). The State did not file a motion to deny bail under Cause No. 1461070.

The trial court erred in holding Appellant at no bond on all three cases. With respect to the motion to adjudicate charge, Cause No. 1383239, bail is mandatory in that case since it does not fall under one of the limited exceptions of § 11a. Tex. Const. art. I § 11a. Additionally, a written order to hold Appellant without bond was not entered for this case. With respect to the possession with intent to deliver methamphetamine charge in Cause No. 1461069, and the possession of a prohibited weapon charge in Cause No. 1461070, the State did not produce a substantial showing of Applicant's guilt - namely that Appellant committed a "felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony." Tex. Const. art. I § 11a(3). In these two cases, the State failed to produce a substantial showing that Appellant (1) committed the offenses of possession with intent to deliver a controlled substance and possession

of a prohibited firearm; and (2) that he used a deadly weapon during the commission of the felonies in which he is accused of. As a result, the no bond orders should be set aside and a reasonable bail should be set on all three cases.

## POINT OF ERROR ONE

THE TRIAL COURT ERRED IN HOLDING APPELLANT AT NO BOND IN CAUSE NO. 1383239 SINCE THAT CASE DOES NOT FALL WITHIN ONE OF THE LIMITED EXCEPTIONS OF SECTION 11A AND A WRITTEN NO BOND ORDER WAS NOT ENTERED.

Under Article I § 11a(4) an accused may be held without bail if he or she is "accused of a violent or sexual offense committed while under the supervision of a criminal justice agency of the State or political subdivision of the State for a prior felony." Tex. Const. art. 11a(4). Article I § 11a defines violent offense to mean (a) murder; (b) aggravated assault, if the accused used or exhibited a deadly weapon during the commission of the assault; (c) aggravated kidnapping; and (d) aggravated robbery. Tex. Const. art. 11a. Article I § 11a defines "sexual offense" as (a) aggravated sexual assault, (b) sexual assault; or (c) indecency with a child. Tex. Const. art. 11a.

In this instance, the State filed a motion to adjudicate guilt on March 17, 2015 under Cause No. 1383239. (III C.R. 92-93). Appellant was on deferred adjudication out of the 185th District Court for possession with intent to deliver a controlled substance. *Id*. The allegation in the motion to adjudicate guilt was that

he "possessed a short barrel firearm." *Id*. There were also some other technical violations not relating to any "sexual" or "violent" offenses. *Id*.

A motion to adjudicate guilt based on an underlying possession with intent to deliver a controlled substance charge is not an accusation involving a "violent offense" or "sexual offense" as defined in Article I, § 11a. Tex. Const. art. 11a. Additionally, the allegation in the motion to adjudicate that he "possessed a short barrel firearm" is also not a "violent" or "sexual" offense under Article I, § 11a. Any way you slice it, the trial court erred in holding Appellant at no bond in Cause No. 1383239 based on Article I, § 11a.

The controlling law regarding bail in motions to adjudicate guilt can be found in *Ex Parte Laday*. In *Ex Parte Laday*, this Court held that "a defendant whose adjudication of guilt has been deferred has not yet been convicted." *Ex Parte Laday*, 594 S.W.2d 102, 104 (Tex. Crim. App. 1980). The court went on to state, "such a defendant is entitled to bail pending an adjudication hearing." *Id*. Appellant's case should be decided pursuant to *Ex Parte Laday, supra*.

Additionally, the court did not enter a written order to hold Appellant without bail in Cause No. 1383239. At the beginning of the hearing, the trial court advised Appellant's counsel that counsel had not filed a motion to set bond in Cause No. 1383239. (I R.R. 5). After some discussion the trial court stated that "there should be no bond on all three cases" and that the court would "include" the

14

motion to adjudicate as part of the hearing. *Id*. At the end of the hearing, the trial court stated "at this point I am going to grant the State's motion to hold the defendant at no bond. Certainly I will revisit that, as required by law, in 60 days and at that point I will set bonds in all of these cases." (I R.R. 52). However, no written order was ever entered. In *Westbrook v. State*, this Court found that an order denying Appellant bail must be in writing to be valid. *Westbrook v. State*, 753 S.W.2d 158, 160 (Tex. Crim. App. 1988). As a result, the trial court's order to hold Appellant at no bond is unlawful under this rationale as well. Therefore, Appellant requests that a reasonable bail be set for Cause No. 1383239.

## POINT OF ERROR TWO

THE TRIAL COURT ERRED IN ORDERING THAT APPELLANT BE HELD WITHOUT BAIL IN CAUSE NOS. 1461069 & 1461070 SINCE THE STATE FAILED TO PROVE BY A SUBSTANTIAL SHOWING THAT APPELLANT COMMITTED THE INSTANT OFFENSES BY USING A DEADLY WEAPON AFTER BEING CONVICTED OF A PRIOR FELONY.

One of the limited exceptions to holding a defendant without bail under Article I, § 11a of the Texas Constitution states that an accused may be held without bail if he or she is "accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony." Tex. Const. art. 11a(3). If the state wishes to detain a defendant without bail under this theory, the burden of proof the State shoulders in a proceeding seeking to deny bail

15

under Article I, Section 11a, is a "substantial showing" of the guilt of the accused. *Lee v. State*, 683 S.W.2d 8 (Tex. Crim. App. 1985). When the State seeks to have bail denied under the provisions of Section 11a, the burden is on the State to show that there has been compliance with the strict limitations and safeguards within that section. *Id*. The courts have always kept in mind that the general rule favors the allowance of bail. *Davis*, 574 S.W.2d at 168.

Under this theory, for Appellant's purposes, in Cause No. 1461069, the State would have to prove by a "substantial showing" that the accused committed the instant offense, possession with intent to deliver methamphetamine, by using a deadly weapon after being convicted of a felony. *See generally Ex Parte Moore*, 594 S.W.2d 449 (Tex. Crim. App. 1980). Also, the State would have to prove by a "substantial showing" that Appellant committed the instant offense, possession of a prohibited weapon in Cause No. 1461070, by using a deadly weapon after being convicted of a felony. *Id*.

**a. Cause No. 1461069 – Possession with intent to deliver a controlled substance charge.**

In order for the trial court to hold Appellant without bail under Cause No. 1461069, the State had to burden to prove by a "substantial showing" that Appellant committed the felony offense of possession with intent to deliver methamphetamine while using a deadly weapon, after being convicted of a prior

felony[6]. *See generally* Tex. Const. art. 11a(3). The first prong the State has to prove by a substantial showing is that Appellant is guilty of the offense of possession with intent to deliver methamphetamine. Appellant suggests that the State failed to prove by a substantial showing that he committed the offense of possession with intent to deliver methamphetamine. He was not present at the warehouse when the drugs were found. (I R.R. 34). Other than Deputy Perez's testimony, there were no other affirmative links to connect Appellant to the warehouse. A truck belonging to Appellant was there but Deputy Perez did not testify that he saw Appellant driving it in the days leading up to the search or that day. Appellant contends that the State has failed to satisfy the first prong of the statute.

The second prong the State has to prove is that Appellant "used" a deadly weapon during the commission of the offense. Parties in criminal cases have largely litigated the "use" of a deadly weapon over the years. Most of the time, this issue litigated is with regard to deadly weapon paragraphs. Therefore, examples of how the courts define the term "use" in those cases should be instructive for Appellant's case.

---

[6] Assuming, *arguendo*, that this Court finds that State's Exhibit 1 is sufficient to hold that defendant had been previously convicted of a prior felony, this brief will primarily address the issue of whether the State proved by a substantial showing that Appellant committed a felony less than capital involving the "use" of a deadly weapon pursuant to Article I, §11a(3).

"Use" of a deadly weapon typically means that the deadly weapon must be "utilized, employed, or applied in order to achieve its intended result 'the commission of a felony offense or during immediate flight therefrom,' "that "use" could mean "any employment of a deadly weapon, even simple possession, if such possession facilitates the associated felony." *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). Mere presence of a weapon is not enough. *Unites States v. Ceballos-Torres*, 218 F.3d 408, 414 (5th Cir. 2000) (rejecting the position that "mere presence" or proximity test which "is one based on generality – anytime a drug dealer possesses a gun, that possession is in furtherance, because drug dealers generally use guns to protect themselves and their drugs. What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense"). Some factors the courts have looked at to determine whether a defendant "used" a deadly weapon include (1) the type of gun involved[7]; (2) whether or not the gun was loaded[8]; (3) the proximity of the gun to the drugs[9]; (4) whether the Defendant was present during the search of the premises[10]. They will be discussed below.

---

[7] *Coleman v. State*, 145 S.W.3d 649, 659 (Tex. Crim. App. 2004)(Cochran, J., concurring).
[8] *Id.*
[9] *Castillo v. State*, 426 S.W.3d 135 (Tex. App. – Houston [1st Dist.] 2012).
[10] *Jackson v. State*, 857 S.W.2d 678 (Tex. App. – Houston [14th Dist.] 1993, rehearing denied).

**1. The fact that Appellant was not present during the execution of both search warrants weighs in favor of the argument that Appellant did not "use" a deadly weapon during the commission of the instant offense.**

In *Jackson v. State*, a jury convicted the defendant of possession of cocaine with an affirmative finding on the use of a deadly weapon. *Jackson v. State*, 857 S.W.2d 678 (Tex. App. – Houston [14th Dist.] 1993, rehearing denied). In *Jackson*, Houston Police Department officers executed a search warrant and entered defendant's home at 1705 West Street. *Id*. at 682. When the search warrant was executed, the Appellant was across the street playing dominos. *Id*. Inside the home, the police found crack cocaine and six guns. *Id*. The court found that there was no evidence that the guns were "used" or "exhibited"; they were merely found. *Id*. The court stated "Appellant was not in the residence when the search warrant was executed, and was not seen in the residence when the officers visited the house and obtained the information that made the basis of the search warrant." Therefore, the court found that the evidence was insufficient to support a finding that Appellant "used" a deadly weapon during the commission of a felony. *Id*.

Appellant's case is similar to *Jackson v. State*. The testimony at the hearing showed that on March 12, 2015, two separate search warrants were executed at 811 Aldine Mail Route, Unit 500, Houston, Harris County, Texas. (I R.R. 32, 34). Like *Jackson*, Appellant was not present during the execution of the first search

warrant[11]. No guns were found during the first search warrant. (I R.R. 33). Other than residue, no significant amount of methamphetamine was found either. (I R.R. 32).

That same day, March 12, 2015, the second search warrant was executed at 811 Aldine Mail Route, Unit 500. (I R.R. 34). Like *Jackson*, Appellant was not present at the warehouse during the execution of the second search warrant either. (I R.R. 34). In fact, Deputy Perez testified that he had "no idea" where Appellant was. (I R.R. 34). The following day, on March 13, 2015, Appellant was arrested "10-15" minutes from where the warehouse was located. (I R.R. 37). He had no weapons on him. (I R.R. 37). He had no drugs on him. (I R.R. 37).

Appellant's case is analogous to *Jackson*, therefore, Appellant contends that the trial court erred in concluding that the State "substantially showed" that Appellant used a deadly weapon during the commission of a felony offense after being convicted of a prior felony. Therefore, the no bond order should be vacated and Appellant should be entitled to a reasonable bond in Cause No. 1461069.

**2. The state failed to prove by a "substantial showing" that the methamphetamine was in close proximity to the weapons.**

---

[11] Similar to *Jackson*, an inference can be made that the information that formed the basis of the second search warrant was obtained during the first search warrant execution since the warehouse contained methamphetamine residue and there was a methamphetamine pipe. (I R.R. 32).

A factor this Court may take into consideration when deciding whether Appellant "used" a deadly weapon during the commission of the offense is whether the drugs were in close proximity to the weapons. *Castillo v. State*, 426 S.W.3d 135 (Tex. App. – Houston [1st Dist.] 2012). At the hearing, Deputy Perez testified that he did not find the methamphetamine. (I R.R. 35-36). He stated that another officer "showed" him the methamphetamine "on top of the counter" after it had been found. (I R.R. 35-36). Deputy Perez had no personal knowledge as to the location of the methamphetamine. Without any testimony as to where the methamphetamine was, before it was found, in relation to where the weapons were found, the State has failed to prove by a "substantial showing" that Appellant "used" a deadly weapon during the commission of the felony offense of possession with intent to deliver methamphetamine. This factor weighs in favor of the argument that the State failed to prove by a "substantial showing" that the Appellant "used" a deadly weapon during the commission of a felony after being convicted of a prior felony.

**3. The storage and placement of the weapons suggest that Appellant did not "use" a deadly weapon.**

More importantly, the manner in which the weapons were stored and their location, on the bed of the truck, shows that Appellant did not use the weapons

during the commission of the instant offense or that his "possession[12]" actually furthered the drug trafficking offense. *Ceballos-Torres*, 218 F.3d at 414. Deputy Perez stated that he found "several weapons" in the bed of the truck within the Pelican cases. (I R.R. 23). He did not know whether those Pelican cases were locked or unlocked. (I R.R. 36). However, he knew that they had lids on them. (I R.R. 36). He also testified that the truck was a moveable object that was not broken down. (I R.R. 33).

Given that the weapons were stored inside "Pelican boxes," in a "moveable object" that was not "broken down" suggests that they were not located there as a permanent fixture. This situation is different from where, let's say, the guns are in a closet, could be fired in seconds, and next to illicit contraband. *See Gale v. State*, 998 S.W.2d 221(Tex. Crim. App. 1999) (holding that all weapons were inches away from the contraband and its illegal proceeds and although the guns were unloaded they could be loaded in seconds). Appellant's specific situation is unlike what Courts have referred to as the "fortress theory." *See Coleman v. State*, 145 S.W.3d 649, 658 (Tex. Crim. App. 2004) (Cochran, J., concurring) (explaining that guns that are available to protect drug trafficker's premises, should anyone attempt to steal the valuable product inside or disrupt the ongoing operations, are "used" to facilitate the illicit drug enterprise).

---

[12] Assuming, *arguendo*, that this court finds, based on the evidence presented at the hearing, that the State sufficiently showed that Appellant "possessed" the weapons in question.

Given that the weapons were not accessible to Appellant, since he was not there; that they were found stored in Pelican boxes in a truck that was not broken down; and not easily accessible to be fired, suggests that they did not further "a drug trafficking offense." The evidence presented at the hearing suggests that the weapons did not have a permanent place at the warehouse. This completely undercuts the theory that they were there to protect "the king in his castle" or the illegal drugs or proceeds from illegal activity. *Id*.

Additionally, Deputy Perez could not testify as to when the weapons got there or when the methamphetamine got there. He did not testify that Appellant was seen driving the Ford F-150 into the warehouse or out of the warehouse on March 12, 2015, when the warrants were executed, or on March 13, 2015, or on any other day on or about the date of the offense. The State pled that Appellant committed the drug offense on or about March 13, 2015, the day that he was arrested, 10-15 minutes away from where the drugs and guns were found. (I C.R. 2). However, he was arrested without guns or drugs. (I R.R. 37).

At the hearing, the State relied heavily and exclusively on *Coleman v. State*. 145 S.W.3d 649 (2004) (Tex. Crim. App. 2004). *Coleman* is distinguishable from Appellant's case. In *Coleman*, the drugs were found all over the house and two guns were found in a room inside a safe containing two large PCP bottles and large amounts of cash. *Id*. at 655. This Court in *Coleman* emphasized the proximity of

the weapons to the drugs. *Id*. (citing *Gale v. State*, 998 S.W.2d 221 (Tex. Crim. App. 1999)). Unlike *Coleman*, where the drugs were found all over the house, there was no testimony from Deputy Perez as to the exact location of the drugs because he did not find them. (I R.R. 35-36). All he said was that the methamphetamine was stored "in a box" which is different from "all over the house" as in *Coleman, supra*. (I R.R. 35). Unlike *Coleman*, where the guns were found in a safe where cash and drugs were found, the weapons in this case were stored in a closed "Pelican" box, in a working vehicle, separate and apart from where the meth was found. Thus, the State's reliance in *Coleman* is misplaced.

All Deputy Perez testified to was that the weapons were "found." He did not provide testimony as to whether the weapons were loaded, where they were found in relation to the drugs, or whether the Pelican boxes were locked. The evidence provided by Deputy Perez was wholly inadequate and insufficient to "substantially show" that Appellant "used" a deadly weapon. Because of the foregoing reasons Appellant suggests that the State has failed to provide a "substantial showing" that Appellant "used" a deadly weapon during the commission of the felony offense of possession with intent to deliver methamphetamine.

**3. Other evidence to support that Appellant did not use a deadly weapon during the commission of the felony.**

Furthermore, there was no testimony by Deputy Perez that Appellant "used" a deadly weapon during the commission of the felony offense of possession of with intent to deliver methamphetamine nor that it was his belief and or opinion. Additionally, there was no evidence at the hearing that Appellant admitted to the methamphetamine being his or that he admitted that the weapons were his. Therefore, Appellant contends that the State failed to meet their burden with regard to Cause No. 1461069, specifically, that Appellant "used" a deadly weapon during the commission of a felony pursuant to Article I, § 11a of the Texas Constitution.

**b.  Cause No. 1461070 – Possession of a Prohibited Weapon Charge**

The plain language of Article I, § 11a(3) states that "any person . . . *accused of a felony* less than capital in this State *involving the use of deadly weapon* after being convicted of a prior felony . . .may be denied bail pending trial." Tex. Const. art. 11a(3) (emphasis added). The same argument made for Cause No. 1461069, above, applies to the possession of a prohibited weapon charge. Appellant would first suggest that the State did not prove by a substantial showing that Appellant possessed the prohibited weapon. There was no testimony that Appellant was seen driving the vehicle on the date of the offense or on the days leading up to the offense. Second, the State did not prove by a substantial showing that Appellant "used" the prohibited weapon in any capacity to facilitate the commission of a felony. *See section a, supra.*

Furthermore, Appellant suggests that the State's pleadings under his case are indicative that bail cannot be denied. In the indictment, the State pled that Appellant committed the offense of "possession" of a prohibited weapon. (II C.R. 2). No evidence at the hearing suggested that Appellant "used" the prohibited weapon. This Court's ruling in *Ex Parte Petty* is instructive.

In *Ex Parte Petty*, the defendant pled guilty to unlawful possession of a firearm. *Ex Parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992). The trial court entered an affirmative finding that Appellant used or exhibited a deadly weapon. *Id*. at 145. This Court in *Petty* held that "in order to "use" a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from "mere" possession. *Id*. Therefore, this Court found that the trial court erred in entering an affirmative finding of a deadly weapon since there was no "associated felony" facilitated by Appellant's possession. *Id*. at 145-146.

Like in *Petty*, there was no allegation in the pleadings or sufficient evidence on the record that Appellant "used" the short barrel firearm. As a result, Appellant contends that the State has failed to meet their burden and as a result a reasonable bail should be set on this case as well.

## CONCLUSION

Appellant respectfully requests that this Court set bond on all three cases pursuant to Appellant's Motion to Set bond filed prior to the hearing. (II C.R. 6-10) and a reasonable bond on Cause No. 1383239. (I C.R. 7-11)

## PRAYER FOR RELIEF

Wherefore, Appellant prays that this Honorable Court reverse the judgment of the trial court, set a reasonable bond on all three cases, and remand this cause to the trial court for further proceedings.

Respectfully submitted,


/s/ Javier O. Martinez
Javier O. Martinez
Bires Schaffer and DeBorde
SBOT 024082538
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500 – Telephone
(713) 228-0034 – Facsimile
Email: Javier@BSDLawFirm.com

Attorney for Appellant,
Craig Ross Shephard

# **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Rule 9 of the Texas Rules Appellate Procedure, the undersigned

counsel of record certifies that the petition contains 5,812 words.


           */s/ Javier O. Martinez*
           Javier O. Martinez

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Appellant's brief has been electronically served on May 6, 2015 to the following persons:

Devon Anderson
District Attorney Harris County
Appellate Section
1201 Franklin, Suite 600
Houston, Texas 77002

Alan Curry, Assistant District Attorney
Appellate Section
1201 Franklin, Suite 600
Houston, Texas 77002

Respectfully submitted,

*/s/ Javier O. Martinez*
Javier O. Martinez